ROYAL SURPLUS LINES INSURANCE
COMPANY, Petitioner,

v.

SAMARIA BAPTIST CHURCH a/k/a
Samaria Missionary Baptist
Church, Respondent.

No. D-2858.

Supreme Court of Texas.

Oct. 28, 1992.

Rehearing Overruled Dec. 2, 1992.

PER CURIAM.

This is a default judgment case. Petitioner Royal sued Samaria Baptist Church for nonpayment of insurance premiums. Royal unsuccessfully attempted service of process on Samaria's registered agent. Royal amended its petition and sought substituted service on the Secretary of State of Texas under the Texas Non–Profit Corporation Act. TEX.REV.CIV.STAT.ANN. art. 1396–2.07(B) (Vernon 1980). The Secretary forwarded a copy of the citation and petition to Samaria by certified mail, but the letter was returned "unclaimed." The trial court rendered a default judgment for Royal after Samaria failed to appear. The court of appeals reversed the default judgment and remanded the cause for a new trial, holding that the use of certified mail was not in strict compliance with the service of process provisions of the Non–Profit Corporation Act. 832 S.W.2d 760, 762.

The Non–Profit Corporation Act provides in pertinent part that: "In the event any such process, notice, or demand is served on the Secretary of State, he shall immediately cause one of the copies thereof to be forwarded by *registered mail,* addressed to the corporation at its registered office." TEX.REV.CIV.STAT.ANN. art. 1396–2.07(B) (emphasis added). Although the Non–Profit Corporation Act specifies registered mail only. TEX.REV.CIV.STAT.ANN. art. 29c (Vernon 1969) expressly provides in pertinent part: "[A]ll public officials are hereby authorized and empowered to use *certified mail* with return receipt requested, in lieu of registered mail in all instances where registered mail has heretofore been required or may hereafter be authorized by law." (emphasis added). Therefore, use of certified mail by a public official to effect service of process when a statute provides

only for registered mail does not violate our strict compliance standard for service of process.[1]

■ However, the Secretary of State forwarded the citation to the wrong address. The Secretary's certificate reflected that citation was sent to "1201 Bassie." The address of Samaria's registered agent was listed in the Secretary's public records as "1201 Bessie." The envelope and receipt card from the Secretary had "Bassie" marked out and "Bessie" written in. A typographical error in the forwarding address typed by the Secretary is grounds to set aside a default judgment based on substituted service. *See Texas Inspection Serv. v. Melville*, 616 S.W.2d 253, 255 (Tex. Civ.App.—Houston [1st Dist.] 1981, no writ). *See also Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884 (Tex.1985); *McKanna v. Edgar*, 388 S.W.2d 927 (Tex.1965); *Bank of America v. Love*, 770 S.W.2d 890 (Tex.App.—San Antonio 1989, writ denied); *Armstrong v. Minshew*, 768 S.W.2d 883, 884 (Tex.App.—Dallas 1989, no writ).

In denying petitioner's application for writ of error, we disapprove of the court of appeals' analysis regarding the use of registered or certified mail for service of process. The application for writ of error is denied.

---

1. The following statutes authorize public officials to issue service of process by registered mail, but not by certified mail: Tex.Rev.Civ.Stat. Ann. arts. 1396–2.07(B), 1396–8.09 (Vernon 1980) (service on domestic or foreign non-profit corporations); *Id.*, arts. 6132a–1 §§ 1.08(b), 9.10(b) (Vernon Supp.1992) (service on domestic or foreign limited partnerships); Tex.Bus. Corp.Act Ann. arts. 2.11B, 8.01B (Vernon 1980) (service on domestic or foreign corporations); Tex.Ltd.Liab.Co.Act Ann. art. 2.08B (Vernon Supp. 1992) (service on domestic or foreign limited liability company); Tex.Alco.Bev.Code Ann. §§ 37.05(c), 61.07 (Vernon 1978) (service on nonresident seller of alcoholic beverages or any beer distributor or manufacturer); Tex.Health & Safety Code Ann. § 221.023 (Vernon 1991) (service on health facilities development corporation); Tex.Tax Code Ann. § 151.606 (Vernon 1982) (service on retailer or seller for collection of delinquent sales taxes).