



## OPINION

No. 04-09-00729-CV

**ORGOO, INC.**,
Appellant

v.

**RACKSPACE US, INC.**,
Appellee

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2009-CI-06776
Honorable Peter A. Sakai, Judge Presiding[1]

No. 04-10-00058-CV

**IN RE ORGOO, INC.**
Original Mandamus Proceeding[2]

Opinion by:    Sandee Bryan Marion, Justice

Sitting:    Catherine Stone, Chief Justice
    Sandee Bryan Marion, Justice
    Steven C. Hilbig, Justice

Delivered and Filed:  January 5, 2011

REVERSED AND REMANDED; PETITION FOR WRIT OF MANDAMUS DENIED

---

[1] This proceeding arises out of Cause No. 2009-CI-06776, styled *Rackspace US, Inc. v. Orgoo, Inc.*, pending in the 37th Judicial District Court, Bexar County, Texas, the Honorable David A. Berchelmann presiding.  However, the challenged default judgment was signed by the Honorable Peter Sakai, presiding judge of the 225th Judicial District Court, Bexar County, Texas.

[2] This proceeding arises out of the same trial court proceedings the appeal from the default judgment.  However, the Honorable David A. Berchelmann signed the two orders at issue in this mandamus proceeding.

This is an appeal from a no-answer default judgment rendered in favor of appellee, Rackspace US, Inc. Because we conclude appellant was not properly served with notice, we reverse the default judgment and remand to the trial court, and we deny the petition for writ of mandamus.

## FACTUAL BACKGROUND

Rackspace US, Inc., which is an internet hosting company located in San Antonio, is a subsidiary of Rackspace Hosting, Inc. Through its subsidiaries, Rackspace Hosting operates computer servers that maintain networks and websites for a variety of businesses. Under a contract dated February 25, 2008, Rackspace US provided web-hosting services to appellant Orgoo, Inc., an internet start-up company located in California. According to Rackspace US, beginning in August 2008, Orgoo failed to pay for services rendered by Rackspace US. In September and October 2008, Rackspace US discovered that the Orgoo website was allegedly being used to transmit and display images in which children were sexually abused and raped and that Orgoo's live video streaming feature was allegedly showing child pornography and child molestation. Rackspace US notified the FBI. The FBI ordered Rackspace US to preserve all electronic evidence of the images displayed on Orgoo's website. Rackspace US decided to suspend services to Orgoo and to disable the servers that hosted Orgoo's website.

Orgoo's CEO, Michael Kantor, demanded that Rackspace US resume hosting Orgoo's website, and Rackspace US refused. On March 3, 2009, Orgoo sued Rackspace Hosting in California state court (the "California suit"). According to Rackspace US, this lawsuit violated the parties' forum selection agreement, which required Orgoo to file its lawsuit in Bexar County, Texas. On June 23, 2009, the California court enforced the forum selection agreement and dismissed the suit. Meanwhile, in April 2009, Rackspace US filed the underlying lawsuit against

Orgoo in Bexar County. In October 2009, Orgoo sued Rackspace Hosting in Bexar County, asserting the same claims it asserted in the California suit. Orgoo's lawsuit against Rackspace Hosting has been abated.

## PROCEDURAL BACKGROUND

On August 6, 2009 in the underlying lawsuit, the trial court rendered a default judgment against Orgoo and in favor of Rackspace US following Orgoo's failure to appear. Less than ninety days later, Orgoo filed a Texas Rule of Civil Procedure 306a motion to extend post-judgment deadlines (hereinafter "Rule 306a motion"), alleging it did not receive notice of the signing of the default judgment until October 19, 2009. On November 3, 2009, a hearing was conducted on Orgoo's Rule 306a motion and, at the conclusion of the hearing, the trial court denied the motion. A week later, Orgoo filed a motion pursuant to Texas Rule of Appellate Procedure 4.2(c) (hereinafter "Rule 4.2(c) motion") asking the court to find the date on which Orgoo received notice or acquired actual notice of the judgment. On November 20, 2009, a hearing was conducted on Orgoo's Rule 4.2(c) motion and, at the conclusion of the hearing, the trial court denied the motion. Because the trial court denied both motions, it did not sign a written order finding the date when Orgoo or Orgoo's attorney first either received notice or acquired actual knowledge that the judgment was signed. On January 21, 2010, Orgoo filed a petition for writ of mandamus complaining of the trial court's denial of its Rule 306a and Rule 4.2(c) motions to establish the operative date of the judgment.[3]

Orgoo filed a notice of restricted appeal from the default judgment on November 13, 2009. Four days later, Orgoo filed a motion for new trial with the trial court. The court denied the motion without a hearing on December 16, 2009. On January 19, 2010, Orgoo filed an amended notice of appeal, stating it did not intend to amend or modify its restricted notice of

---

[3] The mandamus proceeding (04-10-00058-CV) is consolidated with this appeal.

appeal, but instead it intended to perfect for appeal the arguments it made in its motion for new trial under *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124 (Tex. 1939).

## OPERATIVE DATE OF THE JUDGMENT

In both its petition for writ of mandamus and on appeal, Orgoo asserts the trial court abused its discretion by denying its Rule 306a motion and its Rule 4.2(c) motion and by refusing to make a finding on the operative date of the default judgment. If the operative date is August 6, 2009, the date the default judgment was signed, then this is a restricted appeal, and we may only consider whether there is error apparent on the face of the record. *Norman Commc'n v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) (per curiam). If the operative date is October 19, 2009, the date Orgoo alleges it first received notice of the default judgment, then this is a traditional *Craddock* appeal and, if Orgoo was properly served with process, in order to be granted a new trial after a no-answer default judgment, Orgoo must prove the now familiar *Craddock* elements. However, we do not reach the issues of whether the trial court erred by not making a finding on the operative date of the judgment[4] or whether the operative date can be implied from the trial court's denial of the two motions because under either the restricted appeal standard or the *Craddock* standard, we conclude the trial court did not acquire jurisdiction over Orgoo because service was defective.

A default judgment rendered on defective service "will not stand" and rules governing service will be "rigidly enforced" on appellate review of the judgment. *Hubicki v. Festina*, 226 S.W.3d 405, 408 (Tex. 2007). Here, the trial court rendered a default judgment in favor of

---

[4] We agree, however, with the Texas Supreme Court that "a trial court could dispel ambiguities about the notice date if, in ruling on 306a motions, it followed the procedure mandated by Texas Rule of Appellate Procedure 4.2(c) and issued a finding of the notice date as a matter of course. *In re Lynd*, 195 S.W.3d 683, 686 (Tex. 2006). Rule 4.2(c) provides that "[a]fter hearing the [Rule 306a] motion, the trial court **must** sign a written order that finds the date when the part or the party's attorney first either received notice or acquired actual knowledge that the judgment or order was signed." TEX. R. APP. P. 4.2(c) (emphasis added).

Rackspace US based upon Rackspace US's *amended* petition. However, the Texas Secretary of State certified that a copy of Rackspace US's *original* petition was forwarded to Orgoo, but "process was returned . . . bearing the notation Attempted – Not Known." Our determination of whether, under these facts, the trial court acquired jurisdiction over Orgoo involves an analysis under both the restricted appeal standard and the *Craddock* standard.

## RESTRICTED APPEAL

A party may bring a restricted appeal if the party: (1) filed notice of the restricted appeal within six months after the judgment was signed; (2) was a party to the underlying lawsuit; (3) did not participate in the hearing that resulted in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. TEX. R. APP. P. 26.1(c), 30; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004). The face of the record consists of all papers on file in the appeal. *Norman Commc'n*, 955 S.W.2d at 270. The first three requirements for filing a restricted appeal are not disputed in this appeal. Whether error is apparent on the face of the record, however, depends on our resolution of the issue of proper service. On appeal, Orgoo advances five examples of error on the face of the record, but we address only the one that is dispositive.

Orgoo argues the default judgment must be set aside because the default judgment was rendered on Rackspace US's amended petition even though Rackspace US served the Texas Secretary of State with the original petition.[5] Rackspace US contends it served the Secretary

---

[5] Rackspace US filed its Original Petition and Request for Declaratory Judgment on April 23, 2009. In his affidavit, Levi Heath states he represented "Rackspace" in the California lawsuit, although he does not specify whether he represented Rackspace Hosting, Rackspace US, or both. He states that when he spoke to Orgoo's California counsel about the California suit, he informed counsel that "Rackspace" had filed a lawsuit against Orgoo in Texas. Orgoo's attorney asked for a courtesy copy of the petition, and Heath asked Orgoo's counsel if he would accept service on Orgoo's behalf. Orgoo's counsel said he was not authorized to accept service. The courtesy copy electronically emailed to Orgoo's attorney was the Original Petition and Request for Declaratory Judgment.

with its amended petition, and not the original petition. Rackspace US argues that under the Texas Rules of Civil Procedure, the petition, citation, and return of service establish valid service of process, and those three documents in this case show Rackspace US strictly complied with the rules for service of process. Texas Rule of Civil Procedure 107 prohibits a default judgment until citation and proof of service have been on file. TEX. R. CIV. P. 107. As proof of service, Rackspace US points to the Verified Return of Service, completed by its attorney, Mr. Barrera, in which Mr. Barrera states he forwarded duplicate copies of the amended petition and accompanying citation to the Secretary of State.[6] However, Mr. Barrera's statements are contradicted by the certificate issued by the Texas Secretary of State.

The Secretary certified (1) "a copy of the Citation and Plaintiff's Original Petition and Request for Declaratory Judgment . . . was received on June 22, 2009"; (2) "a copy was forwarded on July 2, 2009 by certified mail, return receipt requested to" Orgoo; and (3) "process was returned . . . on July 14, 2009, bearing the notation Attempted-Not Known." The Secretary's certificate is prima facie evidence of the facts recited therein. *G.F.S. Ventures, Inc. v. Harris*, 934 S.W.2d 813, 818 (Tex. App.—Houston [1st Dist.] 1996, no writ). Absent fraud or mistake, a certificate like the one here from the Secretary of State is conclusive evidence that the Secretary, as agent of the defendant, received service of process for the defendant and forwarded the service as required by the statute. *Capitol Brick, Inc. v. Fleming Mfg. Co.*, 722 S.W.2d 399, 401 (Tex. 1986). "As the purpose of Rule 107 is to establish whether there has been proper citation and service, the Secretary's certificate fulfills that purpose." *Campus Inv., Inc. v. Cullever*, 144 S.W.3d 464, 466 (Tex. 2004). The Secretary's certificate, therefore, is prima facie

---

[6] The citation was issued by the district clerk and referenced the amended petition.

evidence that it received and forwarded service of Rackspace US's original, and not amended, petition.

Rackspace US contends Orgoo was not misled or disadvantaged by any misstatement in the Secretary's certificate because process was returned as "Attempted-Not Known." Rackspace US places much emphasis on its argument that Orgoo did not receive anything mailed by the Texas Secretary of State because Orgoo "failed to keep a current address on file with the California Secretary of State." For this argument, Rackspace US relies on *Campus Investments*, in which the plaintiffs, after several unsuccessful attempts to serve the defendant's registered agent, requested service on the Secretary of State. The Secretary subsequently issued a certificate stating it had received and forwarded a copy of the citation and second amended original petition to defendant by certified mail, which was returned marked "Attempted-Not Known." The Supreme Court held as follows:

> We recognize that service of a *defective* citation through substituted service on the Secretary of State could mislead a defendant and lead to an improper default judgment. In such cases, a defendant may bring a bill of review and establish those facts. But [defendant] was not misled here because - as it had failed to update addresses for its registered agent and registered office - it never received anything the Secretary sent. Accordingly, [defendant] was negligent in failing to comply with its statutory duties.

144 S.W.3d at 466.

Rackspace US's reliance on this case is misplaced for two reasons. First, the issue in *Campus Investments* was not whether the default judgment should be set aside because the wrong petition was served on Campus Investments. Instead, the issue was whether the default judgment should be set aside because a copy of the citation was not on file ten days before the underlying default judgment was rendered as required by Rule 107. *Id.* at 465. Campus Investments had argued that without the citation it was impossible to be informed of the many

details necessary to respond to the lawsuit. *See* TEX. R. CIV. P. 99 (requiring citation to contain twelve discrete items, including time when answer is due and warning regarding default). The Supreme Court disagreed, and concluded that even if the *citation* was defective, Campus Investments was not misled because it had not received the citation.

Rackspace's reliance on *Campus Investments* is also misplaced because its argument mistakenly assumes there is an equitable component to a restricted appeal; but a restricted appeal is not an equitable proceeding. *Texaco, Inc. v. Cen. Power & Light Co.*, 925 S.W.2d 586, 590 (Tex. 1996). "[A restricted appeal] appellant is not required to show diligence or lack of negligence before its complaints will be heard . . . [because] it is the *fact* of nonparticipation, not the reason for it, that determines the right to [a restricted appeal]." *Id.* None of the cases on which Rackspace US relies are restricted appeals. *Campus Investments* is an appeal from a bill of review; while the *Williams* and *Ortiz* cases are direct appeals. *Williams v. Williams*, 150 S.W.3d 436, 443-44 (Tex. App.—Austin 2004, pet. denied); *Ortiz v. Avante Villa at Corpus Christi, Inc.*, 926 S.W.2d 608, 613 (Tex. App.—Corpus Christi 1996, writ denied). A restricted appeal is filed directly in an appellate court, and as in any other appeal, the appellate court does not take testimony or receive evidence. *See Fidelity & Guar. Ins. v. Drewery Constr. Co.*, 186 S.W.3d 571, 573 (Tex. 2006). Instead, the review is limited to errors apparent on the face of the record. *Id.*

In restricted appeals, circumstances require that there be no presumptions in favor of valid issuance, service, and return of citation because presumptions can neither be confirmed nor rebutted by evidence in an appellate court. *Id.* (quoting *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994)). "Thus, for example, if the citation says an amended petition was attached (which named the defaulted party) and the return says the original petition was served

(which did not), an appellate court cannot tell from the record which is true." *Id.* "Similarly, if the petition says the registered agent for service is 'Henry Bunting, Jr.' but the citation and return reflect service on 'Henry Bunting,' an appellate court cannot tell whether those persons are different or the same." *Id.* If strict compliance is not shown, the service of process is invalid and of no effect. *Uvalde Country Club*, 690 S.W.2d at 885. "It is the responsibility of the one requesting service, not the process server, to see that service is properly accomplished." *Primate Constr.*, 884 S.W.2d at 153; TEX. R. CIV. P. 99(a). "This responsibility extends to seeing that service is properly reflected in the record." *Primate Constr.*, 884 S.W.2d at 153; *see also Carjan Corp. v. Sonner*, 756 S.W.2d 553, 555 (Tex. App.—San Antonio 1989, no writ) (holding burden of showing compliance with long-arm statute is on plaintiff).

We conclude that error is shown on the face of the record because although we know the default judgment was rendered based on the amended petition, the record indicates the Secretary of State mailed the original petition to Orgoo.[7] Because the record does not show strict compliance with the rules regarding issuance, service, and return of citation, the trial court had no jurisdiction over Orgoo at the time the default judgment was rendered.

---

[7] We also note that, if the Secretary's certificate is correct and it was the original petition that was served, such service would not have conferred jurisdiction on the trial court. In a default judgment case in which jurisdiction is based on substituted service, jurisdiction must affirmatively appear from the face of the record. *McKanna v. Edgar*, 388 S.W.2d 927, 930 (Tex. 1965). This showing requires that the pleadings allege facts which, if true, make the defendant "amenable to process" by use of the longarm statute, and that the record contains proof that the defendant was, in fact, served in the manner the statute requires. *MobileVision Imaging Servs., L.L.C. v. LifeCare Hosps. of N. Tex., L.P.*, 260 S.W.3d 561, 564 (Tex. App.—Dallas, 2008, no pet.). Rackspace US attempted service on Orgoo via the Secretary of State pursuant to Texas Civil Practice and Remedies Code section 17.044(a)(1), which provides for service if Orgoo "is required by statute to designate or maintain a resident agent or engages in business in this state, but has not designated or maintained a resident agent for service of process." TEX. CIV. PRAC. & REM. CODE ANN. § 17.044(b) (West 2008). However, Rackspace US did not allege in its original petition that Orgoo has not designated or maintained a resident agent for service of process in Texas. Therefore, Rackspace US's original petition was insufficient to support the default judgment based on section 17.044(a) because the original petition did not allege facts which, if true, made Orgoo "amenable to process."

**TRADITIONAL APPEAL**

In a traditional *Craddock* appeal, a defendant who was properly served with process may be granted a new trial after a no-answer default judgment if the defendant proves the following three elements: (1) its failure to answer or appear was not intentional or the result of conscious indifference; (2) it has a meritorious defense; and (3) the granting of a new trial will not operate to cause delay or other injury to the plaintiff. *Craddock*, 133 S.W.2d at 126. If a defendant was not properly served with process, it is generally entitled to a new trial without any further showing. *Drewery Constr.*, 186 S.W.3d at 574. Orgoo's motion for new trial was based upon several grounds; however, we address only service of process because it is dispositive.[8]

The long-arm statute requires the Secretary of State to mail a copy of the process to the nonresident by registered mail or by certified mail, return receipt requested. TEX. CIV. PRAC. & REM. CODE ANN. § 17.045(a), (d) (West 2008). For the trial court to have personal jurisdiction over the defendant, the record must affirmatively show that the Secretary forwarded a copy of the citation and attached petition to the defendant. *See Whitney v. L & L Realty Corp.*, 500 S.W.2d 94, 96-97 (Tex. 1973) (holding "Secretary of State is deemed the defendant's agent if, or provided, he forwards the service as required by the statute"). This requirement is typically met by filing with the trial court the Secretary's certificate. *See id.* at 96.

Here, the Secretary's certificate recites process was returned on July 14, 2009 "bearing the notation Attempted – Not Known." This recitation is prima facie evidence that the address Rackspace US provided to the Secretary of State was incorrect. *GMR Gymnastics Sales, Inc. v.*

---

[8] On appeal, Rackspace US contends the "invited error" doctrine precludes Orgoo from challenging the trial court's denial of its motion for new trial under the *Craddock* standard. According to Rackspace US, Orgoo filed a motion for new trial and then "invited" the court to sign an order denying the motion. We recognize that "every trial counsel is burdened by the dual objectives of presenting the case and yet preserving error for appeal." *See Union City Body Co. v. Ramirez*, 911 S.W.2d 196, 202 (Tex. App.—San Antonio 1995, no writ). Orgoo filed its motion for new trial to preserve its *Craddock* argument for appeal. The order denying Orgoo's motion is signed by the trial judge, and the attorneys for all parties signed the order "Agreed As To Form." Under these circumstances, we cannot conclude Orgoo "invited" the trial court to err.

*Walz*, 117 S.W.3d 57, 59 (Tex. App.—Fort Worth 2003, pet. denied). "At a minimum the certificate of service must affirmatively show *notice given*." *Barnes v. Frost Nat'l Bank*, 840 S.W.2d 747, 750 (Tex. App.—San Antonio 1992, no writ). "An unclaimed letter from the Secretary of State's office can hardly further the aim and objective of the long-arm statute, which is to provide reasonable notice of the suit and an opportunity to be heard." *Id.*[9]

Rackspace US, however, insists that if Orgoo did not receive notice it was due to Orgoo's own conscious indifference.[10] Conscious indifference must amount to more than mere negligence or mistake. *See Titan Indem. Co. v. Old South Ins. Group, Inc.*, 221 S.W.3d 703, 708 (Tex. App.—San Antonio 2006, no pet.). The conscious indifference standard requires a showing that the defendant knew it was sued but did not care. *Drewery Constr.*, 186 S.W.3d at 575-76. There are no established criteria for applying this standard, but the courts have applied this prong liberally and each case depends on its own facts. *Titan Indem.*, 221 S.W.3d at 708; *Harold-Elliott Co. v. K.P./Miller Realty Growth Fund I*, 853 S.W.2d 752, 755 (Tex. App.— Houston [1st Dist.] 1993, no writ). If the factual assertions in the defendant's affidavits are not controverted, the defendant satisfies its burden if the affidavits set forth facts that, if true, would negate consciously indifferent conduct. *Old Republic Ins. Co. v. Scott*, 873 S.W.2d 381, 382 (Tex. 1994). Conscious indifference means failing to take some action that would seem

---

[9] In *Barnes*, a panel of this court saw a distinction between "unclaimed" mail and "refused" mail. "If a defendant were to know of the existence of certified mail and refuse to accept it, this would tend to show the defendant did in fact have notice." *Id.* "On the other hand, 'unclaimed' could very well mean that the plaintiff gave the Secretary of State the wrong address for the defendant, in which case the defendant would not receive notice, due process would not be observed, and a plaintiff could pervert the process by giving incorrect addresses." *Id.*

[10] Although Orgoo's attorney in the California suit received a courtesy copy of the original petition, actual notice to a defendant, without proper service, is not sufficient to convey upon the court jurisdiction to render default judgment against it. *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990); *see also Drewery Constr. Co.*, 186 S.W.3d at 574 n.1 ("Receiving suit papers or actual notice through a procedure not authorized for service is treated the same as never receiving them."). "Rather, jurisdiction is dependent upon citation issued and served in a manner provided for by law." *Wilson*, 800 S.W.2d at 836. Therefore, Orgoo's receipt of a courtesy copy of the original petition did not trigger an obligation to answer or appear. *See Wilson*, 800 S.W.2d at 836-37 (holding that even actual notice to a defendant is not sufficient to convey jurisdiction on the trial court and will not serve to cure defective service).

indicated to a person of reasonable sensibilities under the same circumstances. *Titan Indem.*, 221 S.W.3d at 708; *Harold-Elliott Co.*, 853 S.W.2d at 756. Under the liberal application of the *Craddock* test, an absence of a purposeful or bad faith failure to answer is the controlling fact and even a slight excuse will suffice, especially when delay or prejudice will not result. *Harold-Elliott Co.*, 853 S.W.2d at 756. "An excuse need not be a good one to suffice." *Drewery Constr.*, 186 S.W.3d at 576.

Rackspace US asserts Orgoo evaded service and intentionally failed to appear because at all times prior to and subsequent to this lawsuit the Santa Monica, California address was the only address Orgoo maintained with the California Secretary of State. The evidence in the record does not support this contention. The California Secretary of State's website showed Orgoo's agent for process to be Michael Kantor at a Santa Monica, California address, which is the address Rackspace US provided to the Texas Secretary of State. However, Orgoo presented evidence that it had changed its business address and the address for its registered agent in May 2009, before the amended petition was filed on June 16, 2009 and before the Texas Secretary of State mailed citation and the petition on June 22, 2009. Orgoo attached to its motion for new trial a Statement of Information filed with the California Secretary of State, filed-stamped May 21, 2009, in which Orgoo states its principal executive office and the location of its registered agent is 430 Linnie Canal, Venice, California. Nothing in the record indicates the California Secretary of State's failure to update its website is attributable to Orgoo. Also, the record reflects that less than ninety days after becoming aware of the default judgment, Orgoo began attempts to set it aside. Accordingly, there is no evidence Orgoo's failure to appear was intentional or due to conscious indifference. *See Harold-Elliot Co.*, 853 S.W.2d at 756 (holding same even though defendant failed to notify Texas Secretary of State of its change of address).

Because the Texas Secretary of State sent the citation and a copy of the petition to Orgoo using an incorrect address for Orgoo, the default judgment rendered against Orgoo cannot stand.

## CONCLUSION

This record does not demonstrate that the trial court had jurisdiction over Orgoo because the record does not affirmatively indicate service was valid. Therefore, we reverse the trial court's default judgment and remand the cause to the trial court for further proceedings consistent with this opinion.


Sandee Bryan Marion, Justice