**Opinion issued August 9, 2012**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-10-01118-CV

———————————

## DAVE MARQUEZ, Appellant

## V.

## NIKKI GREIG, ON BEHALF OF TEXAS STARS CHEERLEADING, Appellee

---

### On Appeal from the 400th District Court
### Fort Bend County, Texas
### Trial Court Case No. 09-DCV-176744

---

## MEMORANDUM OPINION

Appellant Dave Marquez brings this restricted appeal from a default judgment rendered in favor of appellee Nikki Greig on behalf of Texas Stars Cheerleading. Marquez argues that error appears on the face of the record because

the Secretary of State's certificate of service of process indicates that the citation and original petition were delivered to an incorrect address. We reverse the default judgment and remand for further proceedings.

## Background

Nikki Greig filed a petition in district court alleging that Dave Marquez had contracted with her to provide dance and cheerleading choreography services. She alleged that Marquez performed pursuant to that contract, but his services were not of the grade and quality that he had represented. The petition asserted multiple causes of action including breach of contract, violations of the Texas Deceptive Trade Practices Act, and fraud.

In the petition, Greig identified the Texas Secretary of State as the agent for service of process because Marquez lived at "2155 North Fairview" in Santa Ana, California. The citation likewise reflects that Marquez's street address was "2155 North Fairview." However, the Secretary of State's certificate of service of process reflects that copies of the citation and petition were forwarded by certified mail to "2155 Northfairview" in Santa Ana, California. The certificate further reflects that the return receipt bore a notation of "unclaimed." Marquez never answered or otherwise appeared in the trial court until filing his notice of appeal.

Several weeks after the Secretary of State's certificate was filed in the trial court, Greig filed a motion for default judgment. Although the motion

2

acknowledged that the return receipt bore a notation of "unclaimed," it asserted that the Secretary of State had served Marquez with copies of the citation and petition. The motion stated that Marquez's last known address was "2155 North Fairview" in Santa Ana, California. A "Plaintiff's Certificate of Last Known Address" signed by Greig's counsel reflects that same address.

The trial court held a hearing on Greig's motion for default judgment. Following the hearing, the trial court signed an order granting the motion and rendering against Marquez a money judgment of $11,048.87 for damages, $4,125.00 for attorney's fees, and court costs. A notice of default judgment was sent to Marquez at "2155 North Fairview" in Santa Ana, California.

After the default judgment was signed by the trial court, Marquez timely filed notice of a restricted appeal.

**Analysis**

In his sole issue, Marquez argues that error is apparent on the face of the record because it shows that the Secretary of State forwarded the citation and petition to an incorrect address. He contends that "2155 North Fairview," as his address appears in Greig's petition, is not the same as "2155 Northfairview," as his address appears in the Secretary of State's certificate of service of process. Therefore, Marquez argues, the record does not show compliance with the rules

3

governing service of process, the default judgment must be reversed, and the case must be remanded for a new trial.

Although Greig has not filed an appellee's brief, she has filed a motion to dismiss the appeal. She contends that the record demonstrates that Marquez was properly served at his home address. This court ordered that Greig's motion be carried with submission of the case.

Generally, if a defendant does not timely file an answer and a return of service has been on file for ten days, the plaintiff may take judgment by default. *See* TEX. R. CIV. P. 107(h) & 239. The defendant can prevail on a restricted appeal only if (1) it filed notice of the restricted appeal within six months after the judgment was signed, (2) it was a party to the underlying lawsuit, (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law, and (4) error is apparent on the face of the record. TEX. R. APP. P. 26.1(c) & 30; *Ins. Co. of Pa. v. Lejeune*, 297 S.W.3d 254, 255 (Tex. 2009) (per curiam). The only matter at issue in this restricted appeal is whether error is apparent on the face of the record. The face of the record consists of all the papers on file in the appeal. *Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) (per curiam).

For a trial court to have jurisdiction over a nonresident defendant, the Secretary of State must forward copies of the citation and petition to the defendant as required by the long-arm statute. *Comm'n of Contracts of Gen. Exec. Comm. v. Arriba, Ltd.*, 882 S.W.2d 576, 585 (Tex. App.—Houston [1st Dist.] 1994, no pet.) (citing *Whitney v. L & L Realty Corp.*, 500 S.W.2d 94, 96 (Tex. 1973)). Under the long-arm statute, the Texas Secretary of State is an agent for service of process on a nonresident defendant who engages in business in this state but does not maintain a regular place of business in this state or a designated agent for service of process, in any proceeding arising out of business done in Texas and to which the nonresident defendant is a party. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 17.044(b) (West 2008). Once the Secretary of State is served with duplicate copies of process for a nonresident defendant that reflect the nonresident's name and home or home office address, it must immediately mail to the provided address a copy of the process by registered or certified mail with return receipt requested. *See id.* § 17.045(a), (d).

In a restricted appeal, there is no presumption in favor of valid service of process. *Primate Const., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994) (per curiam); *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex. 1985) (per curiam). The failure to affirmatively show strict compliance with the rules governing service of process renders the attempted service invalid and of

5

no effect. *Uvalde Country Club*, 690 S.W.2d at 885. However, absent fraud or mistake, the Secretary of State's certificate of service of process is conclusive evidence that it received and forwarded service as required by statute. *Capitol Brick, Inc. v. Fleming Mfg. Co.*, 722 S.W.2d 399, 401 (Tex. 1986).

Marquez analogizes this case to *Royal Surplus Lines Insurance Co. v. Samaria Baptist Church*, 840 S.W.2d 382 (Tex. 1992) (per curiam). In that case, the plaintiff unsuccessfully attempted service of process on the defendant's registered agent. *Id.* at 382. Pursuant to the Texas Non-Profit Corporation Act, the plaintiff then attempted service through the Secretary of State. *Id.* The address of the defendant's registered agent was listed in the Secretary's public records as "1201 Bessie." *Id.* at 383. However, the Secretary's certificate reflected that it sent the citation and petition to "1201 Bassie," and the letter was returned with the notation "unclaimed." *Id.* The defendant did not appear, and the trial court rendered a default judgment. *Id.* at 382. On appeal, the court of appeals reversed the default judgment and remanded for a new trial. *Id.* at 383. In denying the plaintiff's application for writ of error, the Supreme Court noted that "[a] typographical error in the forwarding address typed by the Secretary is grounds to set aside a default judgment based on substituted service." *Id.*

This case is analogous to *Royal Surplus Lines*. There are numerous indications in the record that Marquez's address is "2155 North Fairview," but the

Secretary of State's certificate indicates that the citation and petition were forwarded to "2155 Northfairview." The return receipt, like the one in *Royal Surplus Lines*, indicates that the process sent to that address was "unclaimed." Given the notation on the return receipt and the multiple indications in the record that Marquez's actual address differed, if only slightly, from the address to which the Secretary of State forwarded service of process, we hold that the record does not affirmatively show strict compliance with the rules governing service of process. *See Uvalde Country Club*, 690 S.W.2d at 885. Accordingly, we sustain Marquez's issue on appeal, reverse the default judgment, and remand the case for further proceedings. *See Royal Surplus Lines*, 840 S.W.2d at 383.

## Conclusion

We deny as moot Greig's motion to dismiss the appeal. We reverse the judgment and remand the case for further proceedings.

Michael Massengale
Justice

Panel consists of Justices Bland, Massengale, and Brown.