

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-18-00035-CV

RANGER READY MIX, LLC, Appellant

V.

CINTAS CORPORATION NO. 2, Appellee

On Appeal from the 368th District Court
Williamson County, Texas
Trial Court No. 17-0362-C368

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

Cintas Corporation No. 2 (Cintas) provides clean work uniforms to its customers. After apparently using Cintas' services, Ranger Ready Mix, LLC (Ranger), and Cintas developed a dispute concerning payment for those services, resulting in Cintas receiving the Williamson County[1] default judgment[2] made the subject of this appeal. At the heart of this appeal are a few key facts. Cintas' First Amended Original Petition (Amended Petition) dated June 14, 2017, was served on the Texas Secretary of State for forwarding to Ranger. The default judgment in question here was rendered December 21, 2017, and was explicitly based on Cintas' Original Petition—filed March 30, 2017—which, according to the face of the record before us, was never served on Ranger. Also, Cintas sought a default judgment, alleging that Ranger's registered office had an Austin address, even though it was at a time shortly after Ranger had changed its registered office to a Georgetown address.

Because the default judgment was rendered based on stale, and thus incorrect, proof of Ranger's former registered office, and because Ranger was not properly served with the pleading on which the default judgment is based, we reverse the trial court's judgment and remand this case for further proceedings.

Cintas' Original Petition stated that Ranger's "registered agent, Dan McBride, [could] be served with process at 1601 Kramer Lane, Austin, Texas 78758, or any other location where he

---

[1]Originally appealed to the Third Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We follow the precedent of the Third Court of Appeals in deciding this case. *See* TEX. R. APP. P. 41.3.

[2]The default judgment awarded Cintas $28,731.40 in liquidated damages, $1,580.28 in prejudgment interest, and $2,500.00 in attorney fees.

may be found." Cintas' process server, Barbara C. Stinnett, provided an affidavit of nonservice stating that she went to 1601 Kramer Lane on May 30, 2017, and knocked on the door, but received no answer. She next returned to the house June 6, 2017, but no one answered the door. On June 7, 2017, Stinnett discovered that the house had been sold and was no longer owned by McBride.

Cintas then filed its First Amended Original Petition stating that McBride could not "with reasonable diligence be found at the registered office," and, "[t]herefore, the Secretary of State shall be an agent of [Ranger] upon whom process may be served." The clerk issued a citation to the Secretary of State, who certified that the citation and "Plaintiff's First Amended Original Petition" were received. The Secretary of State further stated that it forwarded the citation and the Amended Petition to McBride at 1601 Kramer Lane by certified mail, but that the process was returned bearing the notation "Return To Sender, Insufficient Address, Unable to Forward."

The appellate record shows that Ranger, on November 2, 2017, changed its registered office with the Texas Secretary of State to 40206 Industrial Park Circle, Unit 101, Georgetown, Texas 78626. On November 6, 2017, Cintas moved for default judgment and attached an affidavit from Cintas' General Manager, Diego Nucete, which had been previously executed on August 2, 2017, certifying that "the last known address of Defendant, Ranger Ready Mix, LLC, is 1601 Kramer Lane." After a hearing, the trial court entered the default judgment on "Plaintiff's Original Petition."

On March 13, 2018, Ranger filed an untimely motion for new trial, arguing that it first received notice of the default judgment when it received Cintas' requests for post-judgment discovery, which was sent to the Georgetown address. Ranger further maintained that McBride

3

owned the company and had met with Cintas' Service Manager at the Georgetown address to reach an accord and satisfaction regarding their contract before Cintas filed the lawsuit. At a hearing on the motion for new trial, the judge acknowledged, "[W]hen the default was taken, a certificate of last known address was filed that had the wrong address in it. So I have some concerns there." Nevertheless, Ranger's untimely motion for new trial was denied.

To prevail in a restricted appeal, Ranger must prove that (1) it filed the notice of restricted appeal within six months after the trial court signed the default judgment, (2) it was a party to the underlying lawsuit, (3) it did not participate at the hearing that resulted in the judgment complained of and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law, and (4) error is apparent on the face of the record. *See* TEX. R. APP. P. 30; *Pike-Grant v. Grant*, 447 S.W.3d 884, 886 (Tex. 2014) (per curiam); *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004). Only the fourth element is at issue here.

"When a default judgment is directly attacked by a restricted appeal, the record must reflect strict compliance with the rules relating to the issuance, service, and return of citation." *Comal & Co., LLC v. Mays*, No. 03-17-00746-CV, 2018 WL 2925541, at *1 (Tex. App.—Austin June 12, 2018, no pet.) (mem. op.) (citing *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994); *McKanna v. Edgar*, 388 S.W.2d 927, 929 (Tex. 1965)). "In restricted appeals, there are no presumptions in favor of valid issuance, service, and return of citation." *Id.* (citing *Fid. & Guar. Ins. Co. v. Drewery Constr. Co.*, 186 S.W.3d 571, 573 (Tex. 2006)).

"[F]or a default judgment to be properly rendered, the record must affirmatively show, at the time the default judgment is entered, either an appearance by the defendant, proper service of

4

citation on the defendant, or a written memorandum of waiver." *Bus. Staffing, Inc. v. Gonzalez*, 331 S.W.3d 791, 792 (Tex. App.—Eastland 2010, no pet.) (quoting *Marrot Commc'ns, Inc. v. Town & Country P'ship*, 227 S.W.3d 372, 378 (Tex. App.—Houston [1st Dist.] 2007, pet. denied)); *see Leonard Manor, Inc. v. Century Rehab. of Tex., L.L.C.*, No. 06-09-00036-CV, 2009 WL 2878016, at *1 (Tex. App.—Texarkana Sept. 10, 2009, pet. denied) (mem. op.).

Also, "[t]he secretary of state is agent of an entity for service of process only 'if the registered agent of the entity cannot with *reasonable diligence* be found *at the registered office of the entity*.'" *Comal & Co., LLC*, 2018 WL 2925541, at *1 (quoting TEX. BUS. ORGS. CODE ANN.§ 5.251(1)(B) (West 2012); *see Worldwide Ventures, LP v. 3600 SC I, LLC*, No. 03-16-00539-CV, 2018 WL 828965, at *1 (Tex. App.—Austin Feb. 7, 2018, no pet.) (mem. op.). Here, the record shows that the Georgetown address was Ranger's registered address at the time Cintas filed its motion for, and was granted its, default judgment. Thus, Cintas' motion for default judgment incorrectly represented that the former Austin address was Ranger's registered office.

While this record contains evidence of Cintas' diligence exercised before it moved for a default judgment, the record does not show that Cintas met its burden to demonstrate proper service supporting the default judgment or that McBride could not be found with reasonable diligence at the Georgetown address at the time the default judgment was entered.

Where a default judgment is rendered based on substituted service, under Section 5.251 of the Texas Business Organizations Code, of a petition that, in fact, is not served on the Secretary of State, error is apparent on the face of the record. *Orgoo, Inc. v. Rackspace US, Inc.*, 341 S.W.3d 34, 41 (Tex. App.—San Antonio 2011, no pet.) (reversing default judgment on restricted appeal

5

where Secretary of State was served with an original petition, but default judgment was rendered on an amended petition). Here, the default judgment was rendered on Cintas' Original Petition, which was never served on Ranger through either McBride or the Secretary of State. It was also rendered based on incorrect information concerning Ranger's registered office. The judgment must be reversed. *See Comal & Co., LLC*, 2018 WL 2925541, at *2; *Orgoo, Inc.*, 341 S.W.3d at 41.

We reverse the default judgment and remand the matter to the trial court for further proceedings.

Josh R. Morriss, III
Chief Justice

Date Submitted:     September 25, 2018
Date Decided:     October 5, 2018