

# NUMBER 13-19-00097-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

LYDIA TUMMEL, HAROLD TUMMEL,
INDIVIDUALLY, AND HAROLD K. TUMMEL,
AS TRUSTEE OF THE KURT K. TUMMEL TRUST,                    Appellants,

v.

MMG BANK CORPORATION,                                        Appellee.

On appeal from the 332nd District Court
of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Justices Benavides, Perkes, and Tijerina**
**Memorandum Opinion by Justice Benavides**

By four issues, appellants Lydia Tummel and Harold K. Tummel, Individually,[1] and

as Trustee of the Kurt K. Tummel Trust, (collectively Tummels) appeal from the trial

---

[1] Harold K. Tummel is an attorney who also represents the Tummels on appeal and did so in the trial court.

court's grant of appellee MMG Bank Corporation's (MMG) Bill of Review which vacated the Tummels' $4 million default judgment against MMG. The Tummels' first three issues challenge the trial court's grant of summary judgment in favor of MMG and their fourth issue challenges the trial court's denial of their motion for new trial. We affirm.

## I.  BACKGROUND

On or about October 2012, each of the Tummels purchased investments of intermodal railway cars from Steven Patrick Jones, John Patrick Acord, Ecoenergy Group, Inc., and Intermodal Wealth, Inc. (the Jones defendants). The investments turned out to be fraudulent. The sellers, Jones and Acord, were federally prosecuted. In an effort to recoup some of their losses, the Tummels obtained default judgments for their investment losses against the individual Jones defendants. They then sought to garnish funds held by the Jones defendants in various banks, including MMG.

MMG is registered in Panama. It does not maintain a registered agent in Texas. According to the Tummels' petition for garnishment, MMG:

> makes contracts by mail or otherwise with Texas residents, which one or more parties are to perform in whole or in part in the State of Texas, within the meaning of Texas Civil Practice & Remedies Code ("TCPRC") Section 17.042(1). Such contracts include contracts pursuant to which [MMG] is to accept funds sent to Panama from Texas. In connection with [MMG]'s dealings with the [Jones] Defendants hereinafter named, [MMG] participated in many such transactions involving the transfers of hundreds of thousands of dollars from Texas to Panama. [Tummels] allege, on information and belief, that [MMG] is involved each year in transactions involving transfers of millions of dollars between Texas and Panama, pursuant to such contracts.
>
> 5. In connection with funds transfers in which [MMG] participated for the benefit of [the Jones] Defendants hereinafter named, [MMG] participated in numerous violations of Texas Business & Commerce Code ("TBCC") Chapter 24. [MMG] is therefore subject to the Court's jurisdiction, pursuant

2

to TCPRC Section 17.042(2).

The Tummels sought service on MMG through the Texas Secretary of State and provided citation to be served on MMG Bank Corporation at 10th Floor, 53E Street, Marbella, Panama. The Tummels later obtained a default judgment when MMG failed to answer.

In 2016, MMG filed a bill of review to set aside the default judgment on the grounds of no service. The bill of review was supported by documents from the underlying case and the affidavit of Mario Antonio De Diego Gambotti, MMG's Director, Secretary, and Legal Counsel, which stated in part that:

> 3. . . . MMG has been located at MMG Tower, 22nd Floor, Costa del Este, Avenida Paseo del Mar, Panama City, Republic of Panama since January 6, 2014.
>
> 4. MMG does not conduct business in Texas. MMG is not registered with the Texas Secretary of State to conduct business in Texas. MMG does not contract or solicit contracts with Texas residents by mail or otherwise. MMG does not conduct transactions which move funds from Texas to Panama. MMG does not employ or recruit for employment any Texas resident. MMG has not committed any torts in Texas.
>
> 5. MMG does not possess any property or any debts belonging to Steven Patrick Jones, John Patrick Acord, Ecoenergy Group Inc., or Intermodal Wealth Inc. (collectively the "Jones Lawsuit Defendants"). MMG did not possess any property or any debts belonging to any of the Jones Lawsuit Defendants on December 16, 2014. MMG did not have knowledge on December 16, 2014 and does not currently have knowledge of any parties that may possess any property or any debts belonging to the Jones Lawsuit Defendants.

The Tummels answered the bill of review with a general denial and asserted counterclaims.

In August 2018, MMG filed a traditional motion for summary judgment on the ground of no service and no evidence motions for summary judgment on Tummels'

counterclaims. A hearing was scheduled for September 2018. The Tummels noticed the deposition of an MMG corporate representative for August 28, 2018, that MMG moved to quash on multiple grounds. The summary judgment hearing was postponed, and the deposition was held at a later date. In the meantime, the Tummels nonsuited their counterclaims.

The trial court granted the traditional motion for summary judgment and MMG's bill of review and thereby also vacated the Tummels' previous default judgment. The Tummels filed a motion for new trial that the trial court denied by written order. The Tummels appeal.

## II.   SUMMARY JUDGMENT

By three issues, the Tummels challenge the trial court's grant of summary judgment in favor of MMG on the grounds that: (1) MMG failed to meet its burden of proof; (2) Tummels' response raised a material issue of fact; and (3) MMG's failure to avail itself of legal defenses in the underlying case rendered MMG ineligible to receive bill-of-review relief.[2]  We address all three issues together.

### A.   Standard of Review

We review a trial court's grant of summary judgment de novo. *Mid-Century Ins. Co. of Tex. v. Ademaj*, 243 S.W.3d 618, 621 (Tex. 2007); *Provident Life & Accident Ins. Co. v. Knott,* 128 S.W.3d 211, 215 (Tex. 2003). When reviewing a traditional summary judgment, we must determine whether the movant met its burden to establish that no

---

[2] The Tummels incorporate the *Craddock* factors in their briefing and use them as the framework for their argument. *See Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 125 (Tex. 1939). As we discuss in Part II(B), those factors do not apply in a "no service" complaint. *See Caldwell v. Barnes (Caldwell II)*, 154 S.W.3d 93, 96 (Tex. 2004) (per curiam).

genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002); *Nalle Plastics Family Ltd. P'ship v. Porter, Rogers, Dahlman & Gordon, P.C.*, 406 S.W.3d 186, 199–200 (Tex. App.—Corpus Christi–Edinburg 2013, pet. denied). The movant bears the burden of proof, and all doubts about the existence of a genuine issue of material fact are resolved against the movant. *See Sw. Elec. Power Co.*, 73 S.W.3d at 215. Thus, to be entitled to judgment, a bill of review plaintiff must conclusively prove all the elements of its bill of review action as a matter of law. *See Hernandez v. Koch Mach. Co.*, 16 S.W.3d 48, 60 (Tex. App.—Houston [1st Dist.] 2000, pet. denied); *see also Wuxi Taihu Tractor Co., Ltd. v. York Group, Inc.*, No. 01-13-00016-CV, 2014 WL 6792019, at *4 (Tex. App.—Houston [1st Dist.] Dec. 2, 2014, pet. denied) (mem. op.). We take as true all evidence favorable to the non-movant, and we indulge every reasonable inference and resolve any doubts in the non-movant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

While abuse of discretion is the proper review standard for the ruling on a bill of review, *see Manley v. Parsons*, 112 S.W.3d 335, 337 (Tex. App.—Corpus Christi–Edinburg 2003, pet. denied), and that is the effect of the judgment here, this case was appealed from a summary judgment. Thus, the appropriate standard in this case is that for the review of a summary judgment.

**B. Applicable Law**

A bill of review is an independent, equitable action to set aside a judgment that is no longer appealable or subject to a motion for new trial. *Caldwell v. Barnes (Caldwell II)*,

5

154 S.W.3d 93, 96 (Tex. 2004) (per curiam) (citing *Baker v. Goldsmith*, 582 S.W.2d 404, 406 (Tex. 1979)). Generally, a party seeking a bill of review must allege and prove that (1) it had a meritorious defense to the underlying cause of action, (2) which it was prevented from making because of fraud, accident, or a wrongful act by the opposite party, (3) that was untainted by any fault or negligence of its own. *Id.*

However, when a bill of review is based solely on a claim of non-service, the defendant is only required to prove the third element. *Id.* at 96–97; *Fid. & Guar. Ins. Co. v. Drewery Const. Co., Inc.*, 186 S.W.3d 571, 574 (Tex. 2006) (per curiam). An individual who is not served with process cannot be at fault or negligent in allowing a default judgment to be rendered; therefore, the third element is conclusively established if the defendant proves non-service. *Caldwell II*, 154 S.W.3d at 97 (citing *Caldwell v. Barnes* (*Caldwell I*), 975 S.W.2d 535, 537 (Tex. 1998)). Lack of service is purely a question of fact. *Ward v. Nava*, 488 S.W.2d 736, 738 (Tex. 1972); *Garza v. Attorney Gen.*, 166 S.W.3d 799, 811 (Tex. App.—Corpus Christi–Edinburg 2005, no pet.).

## C.  Discussion

The Tummels' petition for garnishment alleged that MMG is: (1) a foreign corporation, (2) whose home office is located at 10th Floor, 53E Street, Marbella, Panama, Republic of Panama, (3) that makes contracts with Texas residents, (4) is required to designate and maintain a resident agent but does not do so pursuant to § 17.042, and (5) the Texas Secretary of State is its agent for service pursuant to § 17.044(a). *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 17.042, 17.044.

6

MMG's traditional motion for summary judgment included a second affidavit by De Diego Gambotti, who confirmed that MMG is incorporated in Panama and its "principal place of business [is located] at MMG Tower, 22nd Floor, Costa del Este, Avenida Paseo del Mar, Panama City, Republic of Panama." It sought judgment on the ground of improper service based upon the incorrect address.

The Tummels responded by providing evidence of service on the Secretary of State, the default judgment, the affidavit of Harold K. Tummel, the Indictment of the Jones defendants, certified copies of the plea agreements of two of the Jones Defendants, and copies of various websites. Tummels alleged that Intermodal's account at MMG was used to defraud investors and that MMG's address continues to be listed as the "old address" by privatebanking.com. By its rejoinder to MMG's reply, Harold provided an affidavit that purported to authenticate materials from Compass Bank that show transfers to MMG during 2012. Those transfers do not involve the Tummels, whose investments did not occur until October 2012 after the MMG account was closed, but allegedly show that during 2012, there were money transfers. The records do not reflect whose accounts were involved or the reasons for the transfers. Harold's affidavit states that he received the materials in discovery from Compass Bank in other litigation and that the pages are true and correct copes of the documents he received.

MMG objected to much of Tummels' summary judgment evidence on the grounds of hearsay, authenticity, and relevance. The record does not reflect any oral or written order on MMG's objections. The trial court granted MMG's traditional motion for summary judgment.

A trial court has jurisdiction over a defendant under the long-arm statute when the Secretary of State has forwarded a copy of the citation and petition to the defendant as required by the long-arm statute and the petition alleged facts that if true subject the defendant to service pursuant to the long-arm statute. *See Capitol Brick, Inc. v. Fleming Mfg. Co.*, 722 S.W.2d 399, 401 (Tex. 1986); *Whitney v. L & L Realty Corp.*, 500 S.W.2d 94, 96 (Tex. 1973); *Comm'n of Contracts of Gen. Exec. Comm. of Petroleum Workers Union of Republic of Mexico v. Arriba Ltd.*, 882 S.W.2d 576, 585 (Tex. App.—Houston [1st Dist.] 1994, no writ). When the Secretary of State forwards the citation and the petition, it is conclusively presumed to be the agent for service for the nonresident defendant. *Whitney*, 500 S.W.2d at 96; *Petroleum Workers Union,* 882 S.W.2d at 585. A certificate from the Secretary of State is conclusive proof of service that the Secretary of State received and forwarded the process as required by the long-arm statute.

However, "[i]f the Secretary of State sends the citation and a copy of the petition to the nonresident defendant using an incorrect address for the defendant, then a default judgment rendered against that defendant should be set aside." *Royal Surplus Lines Ins. Co. v. Samaria Baptist Ch.*, 840 S.W.2d 382 (Tex. 1992) (per curiam); *Orgoo, Inc. v. Rackspace US, Inc.*, 341 S.W.3d 34, 43 (Tex. App.—San Antonio 2011, no pet.) (reversing default judgment because the Texas Secretary of State sent the citation and a copy of the petition to the defendant using an incorrect address); *Petroleum Workers Union,* 882 S.W.2d at 585 (setting aside default judgment because the secretary of state was provided an incorrect address to serve defendant); *see also Ward v. Hooper*, No. 05–00–01903–CV, 2002 WL 15881, at * 3 (Tex. App.—Dallas Jan. 8, 2002, no pet.)

8

(mem. op.) (holding service of process was defective because plaintiff used an incorrect address to serve defendant and setting aside default judgment).

MMG conclusively established that its address at MMG Tower in Panama City was its principal place of business since January 6, 2014, nearly a year before the Tummels served the lawsuit in this case. Although the "old" address in Marbella, Panama had been its address for the preceding twenty years, according to the testimony of its corporate representative, the MMG Tower address was MMG's address beginning in January 2014. Texas authority compels the same conclusion the trial court reached; service by the Secretary of State at the wrong address does not constitute service and any default judgment based on such service cannot stand. *See Royal Surplus Lines Ins. Co..*, 840 S.W.2d at 382; *Orgoo, Inc.*, 341 S.W.3d at 43; *Petroleum Workers Union,* 882 S.W.2d at 585.

Alternatively, the Tummels argue that MMG was negligent for not notifying internet companies like privatebanking.com of its new address or by not maintaining an agent for service with the Texas Secretary of State. But the case Tummels rely upon, *Campus Investments, Inc. v. Cullever*, 144 S.W.3d 464, 466 (Tex. 2004), in which the court held that a default judgment could be upheld even though the address that the Secretary of State served was erroneous, was based on Campus's duty to keep the Secretary of State informed of its correct address. Unlike *Campus Investments*, MMG is not registered to do business in Texas and does not have a registered agent. The alleged negligence Tummels' argue does not take this case out of the "no service" category and put it back into the three-part test category for bill of review. A party who is not served does not have

to prove anything except lack of service with the exception noted in *Campus Investments*. *Caldwell II*, 154 S.W.3d at 96–97.

The Tummels further argue that MMG failed to prove "no service" because although MMG moved months before citation was served, their former building manager sent mail to them by messenger periodically and MMG eventually received the citation and petition. However, the Tummels ignore the well-established principle that ""[a] party who becomes aware of the proceedings without proper service of process has no duty to participate in them." *Caldwell II*, 154 S.W.3d at 97 n.1; *see Ross v. Nat'l Ctr. for the Emp't of the Disabl*ed, 197 S.W.3d 795, 797–98 (Tex. 2006) (per curiam); *accord Wilson v. Dunn*, 800 S.W.2d 833, 837 (Tex. 1990) ("[M]ere knowledge of a pending suit does not place any duty on a defendant to act."); *Harrell v. Mexico Cattle Co.*, 11 S.W. 863, 865 (Tex. 1889) ("A defendant . . . is not bound to take action until he has been duly served with process."). As a result, the messengered delivery of a belated copy of the letter from the Secretary of State does not constitute service as a matter of law. *See Ross,* 197 S.W.3d at 797–98.

We overrule the Tummels' first, second, and third issues.

### III.    MOTION FOR NEW TRIAL

By their fourth issue, the Tummels argue that the trial court abused its discretion by denying their motion for new trial. We review a trial court's denial of a motion for new trial for an abuse of discretion. *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 813 (Tex. 2010). A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner, or, if it acts without reference to any guiding rules or principles. *Downer v.*

*Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985); *Dugan v. Compass Bank*, 129 S.W.3d 579, 582 (Tex. App.—Dallas 2003, no pet.).

The Tummels' motion for new trial reurged their arguments that the three-pronged *Craddock* test applied and that MMG was not entitled to Bill of Review relief based upon those factors. *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 125 (Tex. 1939). Based upon our previous discussion in Part II(C), the Tummels served MMG at the wrong address using the Texas long-arm statue. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 17.044, 17.045. A trial court does not acquire personal jurisdiction over a defendant who is not served in compliance with the statute. *See Ross*, 197 S.W.3d at 797–98; *Whitney,* 500 S.W.2d 96–97. When the Secretary of State forwards a citation to an incorrect address, service is defective and the trial court does not acquire jurisdiction over the defendant. *Royal Surplus Lines Ins. Co.*, 840 S.W.2d at 382. Thus, a default judgment taken against the defendant cannot stand. *Id.*; *Orgoo, Inc.*, 341 S.W.3d at 43; *Petroleum Workers Union,* 882 S.W.2d at 585. The trial court did not abuse its discretion by denying Tummels' motion for new trial.

We overrule Tummels' fourth issue.

## IV.    CONCLUSION

We affirm the judgment of the trial court.

GINA M. BENAVIDES,
Justice

Delivered and filed the
7th day of May, 2020.