ACCEPTED
01-14-00933-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
3/12/2015 4:56:06 PM
CHRISTOPHER PRINE
CLERK

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

3/12/2015 4:56:06 PM

CHRISTOPHER A. PRINE
Clerk

**01-14-00933-CV**

IN THE

# FIRST COURT OF APPEALS

at Houston, Texas

# J & J CONTAINER MANUFACTURING, INC.

Appellant

**v.**

CINTAS - R. U.S., L.P.

Appellee

On Appeal from County Civil Court at Law No. 3
Harris County, Texas
1044425

# APPELLEE'S BRIEF
in response to
# RESTRICTED APPEAL

**01-14-00933-CV**

IN THE

**FIRST COURT OF APPEALS**

at Houston, Texas

---

**J & J CONTAINER MANUFACTURING, INC.**

Appellant

v.

Cintas - R. U.S., L.P.

Appellee

---

On Appeal from County Civil Court at Law No. 3, Harris County, Texas
1044425

---

| | |
|---|---|
| J & J Container Manufacturing, Inc.<br>1526 DeSoto<br>Houston, Texas 77081 | Appellant |
| M. Robert Garcia<br>SBN:07639150<br>405 Main Street, Suite 300<br>Houston, Texas 77002 | Attorney for Appellant |
| Cintas -R. U.S. L.P.<br>Houston, TX | Appellee |
| Allen D. Russell<br>Taylor Taylor & Russell<br>815 Walker, Suite 250<br>Houston, Texas 77002- 5764 | Trial Counsel for Appellee |

i

# TABLE OF CONTENTS

**PAGE**

**PARTY INFORMATION SHEET** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

**INDEX OF AUTHORITIES** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

**ORAL ARGUMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**ISSUES PRESENTED** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**STATEMENT OF FACT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**SUMMARY OF THE ARGUMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**ARGUMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**PRAYER** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

# INDEX OF AUTHORITIES

**CASES**                                                                               **PAGE**

1.     *BMG Direct Mktg. V. Peake,* 178 S.W. 3d 763,769
(Tex. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

2.     *Campus Invs., Inc. V. Cullever,* 144 S.W. 3d 464, 466
(Tex. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

3.     *Employees Finance Co. v. Lathram, 369 S.W .2d,*
927, 930 (Tex. 1963) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

4.     *Guajardo v. Alamo Lumber Co., 317 S.W.2d,*
725 (Tex. 1958) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

5.     *Highland Church of Christ v. Powell, 640*
S.W. 2d 235, 236 (Tex. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . 4

6.     *Maan v. First ATM, Inc.,* 2008 Tex. App.
LEXIS 9279 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

7.     *Marshall v. Housing Auth. of San Antonio,* 198 S.W.
3d 782,787 (Tex. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

8.     *Orgoo, Inc. V. Rackspace U.S., Inc.,* 341 S.W. 3d 34, 39
(Tex. App. - San Antonio 2001) . . . . . . . . . . . . . . . . . . . . . . . 6

9.     *Otto v. Rau Petroleum Products, 582 S.W.2d,*
504(Tex. Civ. App.-Houston[1st Dist.] 1979, no writ) . . . . . . . . . . . 4

10.  *R.G. McClung Cottonn Co. V. Cotton Concentration Co.,*
     479 S.W. 2d 733,743
     (Tex. Civ. App - Dallas 1972, writ ref'd n.r.e.)  . . . . . . . . . . . . . . . . . 4

**STATUTES**                                                    **PAGE**

1.     Bus. Orgs. Code §§ 5.251 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

2.     Tex. Bus. Orgs. Code Ann. §5.201 . . . . . . . . . . . . . . . . . . . . . . . . . .  5

3.     Tex. Bus. Orgs. Code Ann. §5.251 (1)(B)  . . . . . . . . . . . . . . . . . . . . 5,6

NO. 14-12-00933-CV


IN THE FIRST COURT OF APPEALS
HOUSTON, TEXAS

_____

J & J CONTAINER MANUFACTURING, INC.
*Appellant*

v.

CINTAS - R.U.S., L.P.
*Appellee*

On appeal from County Civil Court at Law No. 3, Harris County, Texas
_____

APPELLEE'S BRIEF
_____

TO THE HONORABLE COURT OF APPEALS:

Appellee, Cintas-R.U.S., L.P. files this its Appellee's Brief as follows:

I.

ORAL ARGUMENT

Appellee does not request oral argument.

II.

ISSUES PRESENTED

REPLY POINT 1:     The pending appeal is moot due to the Appellant's payment of the judgment, and Appellee's issuance of a Full and Final Release of Judgment and Judgment Lien.

REPLY POINT 2:     The record reflects the Appellant's failure to maintain a registered agent for service of process and a registered office, thus the secretary of state was an agent for service of process for the corporation.

**III.**
**STATEMENT OF FACTS**

As reflected in the Texas Secretary of State, John Steen's Business Organizations Inquiry page from November 25, 2013, Appellant, J&J Container Manufacturing, Inc. ("Appellant") had listed as its Registered Agent, "Anthony Lewis Cook" at "6124 W. Little York, Houston, Tx. 77091 USA." (Appendix 1) When pre-suit certified and regular demand letters from Appellee, Cintas-R.U.S., L.P. ("Appellee") came back from the registered address as "not deliverable," it was clear that Appellant had failed to maintain a registered agent in Texas as required. (Appendix 2)  Therefore, Appellee served the Texas Secretary of State under Section 5.251 of the Texas Business Organizations Code.  The return from the Secretary of State, which is in the Record  (CR 16) reflects that the Citation was sent to the registered address on April 7, 2014, and was returned as "Not Deliverable As Addressed."  On June 3, 2014, Appellee was awarded a Default Judgment against Appellant. Notice of the judgment was mailed by the trial court to the Appellant at its registered address on June 3, 2014, and again it was returned as "Not deliverable as addressed."  (SCR 8-9)

Appellee mailed post-judgment discovery to the Appellant at the address where service had been rendered, 1526 DeSoto, Houston, Texas 77091, on July 11, 1014. (Appendix 3) Appellant did not object, appeal, seek court protection, supersede or respond in any way.   In late August 2014, a deputy with the Harris Count Constable's office made demand at the DeSoto address, and Appellant voluntarily paid an amount in excess of $17,488.05 to the deputy constable.  On September 9, 2014, Harris County issued payment to Appellee's attorney in the amount of $17,488.05.  (Appendix 4).  On September 24, 2014, having heard nothing further

from Appellant, Appellee issued and mailed a Full and Final Release of Judgment and Judgment Lien to the DeSoto address. (Appendix 5)

## IV.
## SUMMARY OF THE ARGUMENT

Because Appellant voluntarily paid the judgment, this appeal is moot, and there is not a justiciable dispute to be considered or ruled upon by this Court. Moreover, because Appellant failed to maintain a registered agent for service of process and a registered office, the secretary of state was an agent for service of process for the corporation and service was proper.

## V.
## ARGUMENT

**REPLY POINT 1:** The pending appeal is moot due to the Appellant's payment of the judgment, and Appellee's issuance of a Full and Final Release of Judgment and Judgment Lien.

As the documents in the Appendix reflect, the Appellant voluntarily paid the amount of the judgment to the Harris County Constable in late August of 2014. Having previously received a full set of post-judgment discovery from Appellee, Appellant did not seek to supersede the judgment or request a restraining order or do anything to resist or oppose the payment of the judgment. The constable did not seize property. Instead, without reservation of any kind, Appellant paid. More than two weeks after payment was received by Appellee, having heard nothing from Appellant, prepared and mailed the Release to Appellant on September 24, 2014. Appellant did not return the Release. Appellant did nothing until November 18, 2014, when it filed its Notice of Intent to File a Restricted Appeal.

When Appellant voluntarily paid the judgment without reservation of any right to appeal, it waived any right to bring a subsequent appeal, and rendered moot the appeal that is currently

pending. When a judgment debtor voluntarily pays and satisfies a judgment rendered against it, the cause becomes moot. *Employees Finance Co. v. Lathram*, 369 S.W.2d 927, 930 (Tex. 1963). The judgment debtor thereby waives any right to appeal and the case must be dismissed. *Guajardo v. Alamo Lumber Co.*, 317 S.W.2d 725 (Tex. 1958); *Otto v. Rau Petroleum Products*, 582 S.W.2d 504 (Tex.Civ.App.–Houston[1st Dist.] 1979, no writ). The basis for this rule is to prevent a party from simply changing his mind about pursuing the case, or misleading his opponent into thinking the controversy is over. A party should not be allowed to mislead his opponent into believing that the controversy is over and then contest the payment and seek recovery. The Texas Supreme Court restated the public policy as: "A party who pays a claim is deemed to have made his own decision that it is justly due. If he thinks otherwise, he should resist. He should not pay out his money, leaving the other party to act as though the matter were closed, and then be in a position to change his mind and invoke the aid of the courts to get it back." *BMG Direct Mktg. v. Peake*, 178 S.W.3d 763, 769 (Tex. 2005) *quoting R.G. McClung Cotton Co. v. Cotton Concentration Co.*, 479 S.W.2d 733, 743 (Tex. Civ. App. –Dallas 1972, writ ref'd n.r.e.).

"Usually, when a judgment debtor voluntarily satisfies the judgment, the case becomes moot, and the debtor waives any right to appeal." *Maan v. First ATM*, Inc., 2008 Tex. App. LEXIS 9279 *quoting Marshall v. Housing Auth. of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006). The rule is intended to prevent a party who voluntarily pays a judgment from later changing his mind and seeking the court's aid in recovering payment. *Id*. (citing *Highland Church of Christ v. Powell*, 640 S.W.2d 235, 236 (Tex. 1982).

In this case, the Appellant had received post judgment discovery sometime shortly after July 11, 2014, and made no effort to object, appeal, supersede, seek a restraining order, respond

or even contact Appellee. When the Harris County deputy constable contacted Appellant to demand payment, the Appellant paid without reservation, objection, court intervention or appeal. Then, when Appellee mailed a Release, Appellant did not return it, object or respond in any way. The matter was paid, settled and closed. This appeal is moot and should be dismissed.

REPLYPOINT 2:       The record reflects the Appellant's failure to maintain a registered agent for service of process and a registered office, thus the secretary of state was an agent for service of process for the corporation.

J & J Container has failed to continuously maintain a registered agent for service of process and a registered office as required under the Texas Business Organizations Code. *See* Tex. Bus. Orgs. Code Ann. § 5.201. According to the Code, if the registered agent cannot be found with reasonable diligence at the registered office, the secretary of state is an agent for service of process on the corporation. *Id*. § 5.251(1)(B). The Secretary of State forwarded the citation to the most recent address on file of J & J Container Manufacturing, Inc., which was 6124 W. Little York, Houston, Texas 77091. The Whitney Certificate states the process was returned on April 23, 2014 "bearing the notion Return to Sender, Not Deliverable As Addressed, Unable to Forward." (CR 16) This presentation is on the face of it evidence that the address J & J Container provided to the Secretary of State as the registered agent was incorrect. The record also contains the Notice of Judgment that was sent by the trial court to the same address, 6124 W. Little York, Houston, Texas 77091. That notice was returned to the trial court with the same notation. (SCR8-9)

Therefore, the trial court's records confirm the fact that J & J Container failed to maintain a proper address for its registered agent. Under the Texas Rules of Civil Procedure, the petition,

citation, and return of service establish valid service of process, and those three documents in this case show that Appellant strictly complied with the rules for service of process. Tex. R. Civ. P. 107. "As the purpose of Rule 107 is to establish whether there has been proper citation and service, the Secretary's certificate fulfills that purpose." *Orgoo, Inc. v. Rackspace U.S., Inc.*, 341 S.W.3d 34, 39 (Tex. App.—San Antonio 2011) *quoting Campus Invs., Inc. v. Cullever*, 144 S.W.3d 464, 466 (Tex. 2004).

Through prior correspondence, Appellee had learned that the registered agent was not at the address on file. In fact, counsel for Appellee had served three demand letters on three different addresses for J & J Container and all three were returned due to being "unclaimed and unable to forward." Appellee exercised reasonable diligence before suit was file in determining that the registered agent of J&J Container could not be found at the registered office.

Appellant would have Appellee go through a pointless, costly exercise of sending a process server to an address that Appellee had already learned was "not deliverable" before following the provisions of Tex. Bus. Orgs. Code Ann. § 5.251 (1)(B). Such a result would only penalize Appellee for attempting to locate and serve the registered agent, and reward Appellant for its failure to keep its records and filings up to date with the secretary of state. The Judgment was properly rendered and should be AFFIRMED.

## VII.

## PRAYER

Appellee prays that this matter be dismissed as moot, or AFFIRMED, and for such other and further relief to which Appellee may be justly entitled.

Respectfully submitted,
TAYLOR, TAYLOR & RUSSELL

Allen D. Russell
State Bar No. 00784889
815 Walker, Suite 250
Houston, Texas 77002
(713) 615-6060 Telephone
(713) 615-6070 Facsimile

COUNSEL FOR PLAINTIFF
CINTAS-R.U.S., L.P.

## CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2015, a true and correct copy of the foregoing Appellee's Brief has been forwarded via facsimile and/or certified mail, return receipt requested to:

M. Robert Garcia
405 Main Street, Suite 300
Houston, Texas 77002

Allen D. Russell

Page -7-

# Tab 1

 

# TEXAS SECRETARY of STATE
# JOHN STEEN

### BUSINESS ORGANIZATIONS INQUIRY - VIEW ENTITY

| | | | |
|---|---|---|---|
| Filing Number: | 800092594 | Entity Type: | Domestic For-Profit Corporation |
| Original Date of Filing: | May 31, 2002 | Entity Status: | In existence |
| Formation Date: | N/A | | |
| Tax ID: | 32006363934 | FEIN: | |
| Duration: | Perpetual | | |

Name: J & J CONTAINER MANUFACTURING, INC.

Address: PO BOX 38182
HOUSTON, TX 77238-8182 USA

| REGISTERED AGENT | FILING HISTORY | NAMES | MANAGEMENT | ASSUMED NAMES | ASSOCIATED ENTITIES |
|---|---|---|---|---|---|
| **Name** | | **Address** | | | **Inactive Date** |
| Anthony Lewis Cook | | 6124 W Little York Houston, TX 77091 USA | | | |

[ Order ]  [ Return to Search ]

Instructions:
● To place an order for additional information about a filing press the 'Order' button.

**APPENDIX**

# Tab 2

CERTIFIED MAIL

**TAYLOR, TAYLOR & RUSSELL**
ATTORNEYS AT LAW

MELLIE ESPERSON BUILDING
815 WALKER, SUITE 250
HOUSTON, TEXAS 77002



7012 3460 0000 2016 9230



ZIP 77002
041L11216663

*Closed*
*Permanently*

Anthony Lewis Cook
J & J Container Manufacturing, Inc.
6124 W. Little York
Houston, Texas 77091

NIXIE    773   SE  1009    0012/21/13
RETURN TO SENDER
NOT DELIVERABLE AS ADDRESSED
UNABLE TO FORWARD

BC: 77002576450    *2533-06933-18-38

77002057641

---

**TAYLOR, TAYLOR & RUSSELL**
ATTORNEYS AT LAW

MELLIE ESPERSON BUILDING
815 WALKER, SUITE 250
HOUSTON, TEXAS 77002

neopost
12/18/2013
US POSTAGE    $00.46⁰



ZIP 77002
041L11216663

Anthony Lewis Cook
J & J Container Manufacturing, Inc.
6124 W. Little York
Houston, Texas 77091

NIXIE    773   SE  1009    0012/21/13
RETURN TO SENDER
NOT DELIVERABLE AS ADDRESSED
UNABLE TO FORWARD

BC: 77002576450    *2533-07483-18-38

77002057641

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**SENDER: COMPLETE THIS SECTION**

- ▣ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- ▣ Print your name and address on the reverse so that we can return the card to you.
- ▣ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Anthony Lewis Cook
J & J Container Manufactoring, Inc.
6124 W. Little York
Houston, TX 77091

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X

☐ Agent
☐ Addressee

B. Received by ( Printed Name) | C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail  ☐ Express Mail
☐ Registered  ☒ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number
(Transfer from service label)

7012 3460 0000 2016 9230

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

# Tab 3



## TAYLOR, TAYLOR & RUSSELL
### ATTORNEYS AT LAW

MELLIE ESPERSON BUILDING
815 WALKER, SUITE 250
HOUSTON, TEXAS 77002
TELEPHONE (713) 615-6060
FACSIMILE (713) 615-6070

www.taylaw.com

*BOARD CERTIFIED-CIVIL TRIAL LAW
AND PERSONAL INJURY TRIAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

WARREN TAYLOR*
BETH McCAHILL TAYLOR
ALLEN D. RUSSELL
STEPHEN T. LISS

NADIA LAKHANI

July 11, 2014

Javier Galera
J & J Container Manufacturing, Inc.
1526 De Soto
Houston, Texas 77091

Via Certified Mail R.R.R.
7013 3020 0000 8364 8678

Re: Case No. 1044425; *Cintas -RUS., L.P. v. J & J Container Manufacturing, Inc.* - In the County Court at Law No. 3 of Harris County, Texas

Dear Mr. Galera:

Enclosed please find the following:

1. **Plaintiff's Post Judgment Interrogatories;**
2. **Request for Admissions;**
3. **Request for Production; and**
4. **Notice of Intent to take Oral Deposition**

If you have any questions regarding this matter please contact our office.

Very truly yours,

Clara I. Betancourt
Secretary to Allen D. Russell

**U.S. Postal Service** ™
**CERTIFIED MAIL** ™ **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com ®

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ | |
| Certified Fee | | Postmark Here |
| Return Receipt Fee (Endorsement Required) | | |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | |

Sent To

Street, Apt. No.; or PO Box No.

City, State, ZIP+4

PS Form 3800, August 2006          See Reverse for Instructions

| | | |
|---|---|---|
| CINTAS-R.U.S., L.P. | § | IN THE COUNTY COURT |
| | § | |
| | § | |
| VS. | § | AT LAW NO. 3 |
| | § | |
| J & J CONTAINER | § | |
| MANUFACTURING, INC. | § | HARRIS COUNTY, TEXAS |
| | § | |
| | § | |

## PLAINTIFF'S POST JUDGMENT INTERROGATORIES, REQUEST FOR ADMISSIONS, REQUEST FOR PRODUCTION AND NOTICE OF INTENT TO TAKE ORAL DEPOSITION

TO:      Defendant, J & J Container Manufacturing, Inc., by and through its Officer, Javier Galera

ADDRESS:  1526 De Soto
Houston, Texas 77091

## POST JUDGMENT INTERROGATORIES

As you know, the Court rendered Judgment against you in this suit. Under the law, you are required, in this process of discovery to aid in enforcement of that Judgment and to give all the information requested in the following interrogatories.

The Texas Rules of Civil Procedure require that you answer each one of the interrogatories separately, fully and truthfully. Each interrogatory must be answered even if you have to obtain the information from your records or from other persons. Type or print your answers in the space provided. Use a separate sheet of paper if necessary.

After you have answered each of the interrogatories and have signed and sworn to the truth of your answers before a Notary Public, mail your answers to the undersigned attorney not later than thirty-three days following the date you received the interrogatories.

INTERROGATORY NO. 1 - List all of your personal property on Schedule A attached hereto.

INTERROGATORY NO. 2 - Describe any interest you have in real estate in Schedule B attached hereto.

INTERROGATORY NO. 3 - State your current income in Schedule C attached hereto.

INTERROGATORY NO. 4 - State your current expenditures in Schedule D attached hereto.

## VERIFICATION

I, (State your name)_____, swear that the information given by me in Schedules A, B, C and D is the truth.

_____
Signature

Subscribed and sworn to before me, the undersigned Notary Public, on this _____day of _____, 2014, by the above-signed affiant.

_____
Notary Public



# SCHEDULE A - PERSONAL PROPERTY

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | | | |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | | | |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | | | | |
| 6. Wearing apparel. | | | | |
| 7. Furs and jewelry. | | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | | | |
| 10. Annuities. Itemize and name each issuer. | | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c); Rule 1007(b)). | | | | |

# SCHEDULE A - PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | | | | |
| 16. Accounts receivable. | | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A – Real Property. | | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | | | |

# SCHEDULE A - PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | | | |
| 26. Boats, motors, and accessories. | | | | |
| 27. Aircraft and accessories. | | | | |
| 28. Office equipment, furnishings, and supplies. | | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | | | | |
| 30. Inventory. | | | | |
| 31. Animals. | | | | |
| 32. Crops - growing or harvested. Give particulars. | | | | |
| 33. Farming equipment and implements. | | | | |
| 34. Farm supplies, chemicals, and feed. | | | | |
| 35. Other personal property of any kind not already listed. Itemize. | | | | |

_____ continuation sheets attached      Total ▷ | $
(Include amounts from any continuation sheets attached.



# SCHEDULE B - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| | | | | |
| | | Total▷ | | |

# SCHEDULE C - CURRENT INCOME

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| | RELATIONSHIP(S): | AGE(S): |
| Employment: Occupation | DEBTOR | SPOUSE |
| Name of Employer | | |
| How long employed | | |
| Address of Employer | | |

INCOME: (Estimate of average or projected monthly income at time case filed)

| | DEBTOR | SPOUSE |
|---|---|---|
| | $_____ | $_____ |
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $_____ | $_____ |
| 2. Estimate monthly overtime | | |
| 3. SUBTOTAL | $_____ | $_____ |
| 4. LESS PAYROLL DEDUCTIONS | | |
|    a. Payroll taxes and social security | $_____ | $_____ |
|    b. Insurance | $_____ | $_____ |
|    c. Union dues | $_____ | $_____ |
|    d. Other (Specify): _____ | $_____ | $_____ |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $_____ | $_____ |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $_____ | $_____ |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $_____ | $_____ |
| 8. Income from real property | $_____ | $_____ |
| 9. Interest and dividends | $_____ | $_____ |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $_____ | $_____ |
| 11. Social security or government assistance (Specify):_____ | $_____ | $_____ |
| 12. Pension or retirement income | $_____ | $_____ |
| 13. Other monthly income (Specify):_____ | $_____ | $_____ |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $_____ | $_____ |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $_____ | $_____ |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15; if there is only one debtor repeat total reported on line 15) | $_____ | |

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

_____

_____

# SCHEDULE D - CURRENT EXPENDITURES

1. Rent or home mortgage payment (include lot rented for mobile home)  $ _____

    a. Are real estate taxes included?     Yes _____    No _____

    b. Is property insurance included?    Yes _____    No _____

2. Utilities:   a. Electricity and heating fuel    $ _____

          b. Water and sewer    $ _____

          c. Telephone    $ _____

          d. Other _____  $ _____

3. Home maintenance (repairs and upkeep)    $ _____

4. Food    $ _____

5. Clothing    $ _____

6. Laundry and dry cleaning    $ _____

7. Medical and dental expenses    $ _____

8. Transportation (not including car payments)    $ _____

9. Recreation, clubs and entertainment, newspapers, magazines, etc.    $ _____

10. Charitable contributions    $ _____

11. Insurance (not deducted from wages or included in home mortgage payments)

    a. Homeowner's or renter's    $ _____

    b. Life    $ _____

    c. Health    $ _____

    d. Auto    $ _____

    e. Other _____  $ _____

12. Taxes (not deducted from wages or included in home mortgage payments)
(Specify) _____  $ _____

13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan)

    a. Auto    $ _____

    b. Other _____  $ _____

    c. Other _____  $ _____

14. Alimony, maintenance, and support paid to others    $ _____

15. Payments for support of additional dependents not living at your home    $ _____

16. Regular expenses from operation of business, profession, or farm (attach detailed statement)    $ _____

17. Other _____  $ _____

18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)    $ _____

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

_____
_____
_____

20. STATEMENT OF MONTHLY NET INCOME

    a. Average monthly income from Line 15 of Schedule I    $ _____

    b. Average monthly expenses from Line 18 above    $ _____

    c. Monthly net income (a. minus b.)    $ _____

## POST JUDGMENT REQUEST FOR ADMISSIONS

Pursuant to Rule 198 of the Texas Rules of Civil Procedure you are asked to specifically admit or deny the truth of the following statements by circling the answer which applies or explain in detail the reason you cannot admit or deny the request. After you have answered each of the requests for admission mail your answers to the undersigned attorney not later than thirty-three days following the date you received the requests. If you fail to respond to the requests within the time allowed the requests may be deemed to be admitted.

REQUEST NO. 1 - The judgment against you is unpaid in whole or in part.

Admit     Deny

REQUEST NO. 2 - The plaintiff in this case has made a good faith effort to collect the judgment against you.

Admit     Deny

REQUEST NO. 3 - You own property including present or future rights to property, that cannot be readily attached or levied on by ordinary legal process and which is not exempt from attachment, execution, or seizure for the satisfaction of liabilities.

Admit     Deny

## POST JUDGMENT REQUEST FOR PRODUCTION

Pursuant to Rule 196 of the Texas Rules of Civil Procedure you are requested to produce the documents identified in categories 1 through 31. With respect to each item or category of items, you should state as appropriate that the requested items are being produced or that no items have been identified, after a diligent search, that are responsive to the request. Mail the responsive documents to the undersigned attorney not later than thirty-three days following the date you received the requests.

1. Provide true, correct and complete copies of all personal and business federal income tax returns filed by or prepared for Defendant for the current year and for the last three (3) years prior to the current year, together with all schedules, attachments, W-2 forms, 1099 forms and all similar federal income summary forms for the same years.

2. Provide all statements, canceled checks and deposit slips for all checking accounts, savings accounts, credit union accounts or other depository accounts, held either separately or jointly, for the current calendar year and for the last three (3) years prior to the current calendar year for all accounts in which Defendant's name is on the printed checks, in which Defendant has an interest and/or in which Defendant has signatory authority.

3. Provide true, correct and complete copies of all financial statements prepared by or on behalf of Defendant within the last three (3) years, including but not limited to, all such statements presented to any financial institution and/or any other party for the purpose of guaranteeing, securing or attempting to secure a loan or financial assistance of any kind.

4. All booklets, current and/or annual statements and all other documents evidencing the nature and extent of Defendant's rights under any stock option plan, retirement plan, pension or profit sharing plan, employee stock ownership plan, company savings plan, thrift fund matching plan and all other similar plans prepared or received during the last three (3) years.

5. Provide the most recent statements, deposit confirmation slips, documents evidencing the balance, term and interest rates for each and every amount of money and assets in which Defendant has any interest, whether separately or jointly, invested by or for the Defendant in any cash management funds, certificates of deposit, money market funds, treasury bills, bonds, debentures or any other type investment and acquisition paying or promising to pay a return on Defendant's monies invested during the current year and for the three (3) calendar years prior to the current year.

6. Provide all certificates of stock and/or brokerage house statements evidencing all ownership and every purchase, sale, assignment or transfer of stocks, bonds, debentures and/or other securities (whether in privately held or publicly traded companies or institutions) owned by Defendant or in which Defendant has a beneficial interest.

7. Provide all documents and records of every kind or character showing all business holdings, partnerships (general, limited or otherwise), sole proprietorships, trust, corporations,

joint ventures and any other business organizations of every kind in which Defendant is a partner or has an interest and any and all assumed name certificates under which Defendant has done or is doing business.

8. Provide all policies of insurance active and terminated in the current year and two (2) calendar years prior to the current year whether life, health, auto, disability, homeowners, personalty or otherwise of which Defendant is the owner, beneficiary, insured, heir to the proceeds, beneficiary of existing or identified trust funded by insurance proceeds.

9. Provide all deeds, deeds of trust, land installment contracts, contracts for deeds, syndications, real estate investment trusts, partnership agreements, easements, rights of way, leases, rental agreements, documents involving mineral interests, mortgages, notes and closing statements relating to all real property in which Defendant now has or in which Defendant had an interest during the last three (3) years.

10. Provide all certificates of title, current licenses, receipts, bills of sale and loan documents for all motor vehicles and farm equipment, including but not limited to automobiles, trucks, motorcycles, recreational vehicles, boats, trailers, airplanes and other motorized vehicles and equipment owned by Defendant or in which Defendant has and had any interest.

11. For every trust of which Defendant is a trustee, joint trustee, beneficiary, settlor or trustor which conveyed, transferred, assigned, created any options to purchase, or disposed of any interest in real property or personal property in any manner during the last three (3) years, please furnish documents evidencing the manner of disposition and the consideration received or to be received. Also, furnish all documents showing all evaluations of Defendant's interest, share of principal and income and documents showing the principal and income allocated to Defendant whether or not distributed during the last three (3) years.

12. Produce all documents and records of all safe deposit boxes maintained by Defendant and to which Defendant has had access, or has a claim, right or interest in, including all lists of all contents therein. Identify the location of all said safe deposit boxes.

13. Produce all documents constituting and/or describing all accounts receivable of Defendant whether or not collected. Also provide all documents identifying all accounts receivables of all ongoing businesses which Defendant owns and in which Defendant had and has an interest and a copy of all collected, offset, credited, uncollected, discounted, assigned, pledged and exchanged accounts receivables.

14. If any real estate in which Defendant or if applicable, Defendant's present spouse have an interest has been appraised within the past three (3) years, furnish a copy of each appraisal.

15. If any personal property in which Defendant or if applicable, Defendant's present spouse has an interest has been appraised within the past three (3) years, furnish a copy of each appraisal.

16. If an inventory or list of personal property has been made by Defendant or if applicable. Defendant's present spouse within the past three (3) years, furnish a copy of such inventory or list including all estimates of value placed on each item.

17. Produce all documents, notes, bills, statements and invoices evidencing all current indebtedness payable by Defendant or paid off during the last three (3) years and all assignments of promissory notes made by Defendant during the last three (3) years.

18. Produce all lease agreements for personal property and real property executed by Defendant within the last three (3) years and/or which are currently in effect, whether as lessee, lessor, sublessee, sublessor, assignee or assignor, including any mineral interest leases.

19. Produce all records of all travelers checks, cashier's checks, money orders, draft and draws purchased or cashed within the last three (3) years.

20. Provide the names, addresses and telephone numbers of all organizations and persons within Defendant's knowledge who has or may have knowledge of the status of property in which Defendant has and had an interest, whether being community or separate property, the liabilities of Defendant and/or the location and value of any assets of Defendant. Include banks, savings and loan associations, mortgagees, merchants, credit providers, brokers, credit unions, financial institutions, security dealers, people and organizations dealing with mineral interests who have received information from Defendant regarding or including information about Defendant's assets and assets in which Defendant has an interest, Defendant's income and Defendant's liabilities.

21. Provide documents and all records which would indicate the cost basis of assets presently owned by Defendant.

22. Provide a copy of the current inventory and all past inventories, accounts receivable of all ongoing businesses which Defendant owns and in which Defendant had and has an interest and a copy of all collected, offset, credited, uncollected discounted, assigned, pledged and exchanged accounts receivable of all businesses owned by Defendant and in which Defendant has and had an interest.

23. Provide all contracts in which Defendant is a party or in which Defendant has or had a beneficial interest, including but not limited to any earnest money contracts, construction contracts and sales agreements in which Defendant is due a commission or other remuneration. If Defendant is presently under the terms of any written employment contract and/or agreement or is due any remuneration under any past contract or agreement, furnish a true copy of said contract or agreement.

24. Provide all of the following documents for any corporation in which Defendant has an interest:
    a. Articles of Incorporation.
    b. Bylaws and all amendments.
    c. Shareholders Agreement and any amendments.

d. A specimen of the corporation's Share Holder Certificate including any stock transfer restrictions noted on the face of the certificate or referred to thereon.

e. All records of the original issuance of shares issued by the corporation and a record of each transfer of those shares that have been presented to the corporation for registration of transfer.

f. The names and current addresses of all past and current shareholders of the corporation and the number and class or series of shares issued by the corporation held by each of them.

g. A copy of the current share transfer ledger of the corporation showing the certificate number, date of issuance, shareholder name and number of shares represented to be held by the shareholders.

h. Any financial statements of the corporation prepared for or issued by the corporation in the previous two years.

i. The books and records of accounts of the corporation for the last fiscal year.

j. The corporation's annual statements for its last fiscal year showing in reasonable detail its assets and liabilities and the results of its operations and the most recent interim statements, if any, which have been filed in a public record or otherwise published.

k. The minutes of the proceedings of the owners or members or governing authority of the corporation and committees of the owners or members or governing authority of the corporation.

l. The corporation's federal, state, and local information or income tax returns and franchise tax returns for each of the corporation's six most recent tax years.

25. Provide all of the following documents for any limited liability company ("Company") in which Defendant has an interest:

a. The Articles of Organization.

b. The Operating Agreement or Company Agreement and all amendments and modifications.

c. The Regulations, if any, and all amendments and restatements.

d. The Company's books and records of accounts for the last three years.

e. The Company's minutes of the proceedings of the owners or members or governing authority of the Company and committees of the owners or members or governing authority of the Company.

f. The current list of each member's name, mailing address, percentage or other interest in the Company owned by each member, and if one or more classes or groups are established in or under the articles of organization or regulations, the names of the members who are members of each specified class or group.

g. Copies of the federal, state and local information or income tax returns and franchise tax returns for each of the Company's six most recent tax years.

h. Copies of any document that creates, in the manner provided by the articles of organization or regulations, classes or groups of members.

i. Unless they are contained in the Articles of Organization or regulation, a written statement of:

(1) the amount of a cash contribution and a description and statement of the agreed value of any other contribution made or agreed to be made by each member;

(2) the dates any additional contributions are to be made by a member;

(3) any event the occurrence of which requires a member to make additional contributions;

(4) any event the occurrence of which requires the winding up of the Company; and

(5) the date each member became a member of the Company.

j.  A specimen of the Company's Member Unit or Share Certificate including any transfer restrictions noted on the face of the certificate or referred to thereon.

k.  The current unit or share transfer ledger of the Company showing the certificate number, date of issuance, unit holder or shareholder name and number of shares represented to be held by any owner of the Company.

l.  The income and expense statement for the Company for the past three years if they are not contemplated under No. 4 above.

m.  Any financial statements of the Company prepared for or issued by the Company in the previous two years.

26.  Provide all of the following documents for any limited partnership in which Defendant has an interest:

a.  A current list that states:

(1) the name and mailing address of each partner, separately identifying in alphabetical order the general partners and the limited partners;

(2) the last known street address of the business or residence of each general partner;

(3) the percentage or other interest in the partnership owned by each partner; and

(4) if one or more classes or groups are established under the partnership agreement, the names of the partners who are members of each specified class or group.

b.  A copy of:

(1) the limited partnership's federal, state, and local information or income tax returns and franchise tax returns for each of the partnership's six most recent tax years;

(2) the partnership agreement and certificate of formation; and

(3) all amendments or restatements.

c.  Copies of any document that creates, in the manner provided by the partnership agreement, classes or groups of partners.

d.  An executed copy of any powers of attorney under which the partnership agreement, certificate of formation, and all amendments or restatements to the agreement and certificate have been executed.

e. Unless contained in the written partnership agreement, a written statement of:

   (1) the amount of the cash contribution and a description and statement of the agreed value of any other contribution made by each partner;

   (2) the amount of the cash contribution and a description and statement of the agreed value of any other contribution that the partner has agreed to make in the future as an additional contribution;

   (3) the date on which additional contributions are to be made or the date of events requiring additional contributions to be made;

   (4) events requiring the limited partnership to be dissolved and its affairs wound up; and

   (5) the date on which each partner in the limited partnership became a partner.

f. The records of the accounts of the limited partnership.

g. The income and expense statement for the limited partnership for the past three years if they are not contemplated under No. 6 above.

h. Any financial statements of the limited partnership prepared for or issued by the limited partnership in the previous two years.


27. Provide documents by which every gift, bailment, loan, gratuitous holding assignment, sale, hypothecation, discounted transfer, transfer into lock box payment and transfer of Defendant's property during the last three (3) years, including, but not limited to, all property described hereinabove and any other property of any nature.


28. Provide documents and records of every kind and character showing all personal property in which Defendant has and had an interest in the State of Texas, the United States of America or any other place.


29. Provide copies of the Articles of Incorporation, partnership agreements and assumed name records of all companies, partnerships, corporations and proprietorships that have owners, employees, officers, directors, shareholders and partners which are or were also owners or employees of Defendant.


30. Provide employment records or pay records to indicate every business for which Defendant was employed, provided services, was an independent contractor, general contractor, superintendent, agent or subcontractor during the last three (3) years.


31. To the extent not already produced in response to the foregoing, produce the following property, documents and records which Defendant owns or has an interest: all checks, cash, securities (stocks and bonds), promissory notes, deeds, deeds of trust, documents of title, contracts, accounts receivable, escrow agreements, retainage agreements, records and all documents that identify all property in which Defendant has an interest and that which is collateral or security for

any obligation or contingent obligation of Defendant, along with all documents indicating any interest of the Defendant in rental agreements, royalty agreements, licenses, bailment agreements, filings pursuant to the Uniform Commercial Code, security agreements, assignments, all filed or recorded liens, lis pendens, lawsuits, recorded Mechanics and Materialmen's Lien Affidavits, judgments, abstracts, partnership agreements, employment agreements, as well as all documents indicating Defendant's present and prospective heirship, beneficial interest in trusts, beneficial interest in insurance policies and insurance coverage and right to any insurance policy's cash surrender value or ownership.

## NOTICE OF INTENT TO TAKE ORAL DEPOSITION

Defendant shall take notice that Defendant's oral deposition will be taken by a non-stenographic means at the place and time stated below. Defendant should appear as requested at the place and time designated below and be prepared to give testimony concerning the information given in response to Plaintiff's Post Judgment Interrogatories and Request for Production. Defendant's failure to appear may result in the Court finding that Defendant is avoiding collection efforts and failing to cooperate in the discovery process in aid of enforcement of the Judgment and sanctioning Defendant in appropriate manner. Defendant may appear telephonically for the non-stenographic deposition if coordinated with Mr. Russell prior to the following deposition date.

Date of Deposition: August 13, 2014

Time of Deposition: 1:30 p.m.

Place of Deposition:   Taylor, Taylor & Russell Law Firm
815 Walker, Suite 250
Houston, Texas 77002

Method of non-stenographic recording to be used:   The deposition will be recorded by a tape recorder

Respectfully submitted,

TAYLOR, TAYLOR & RUSSELL,

Allen D. Russell
SBN 00784889
815 Walker, Suite 250
Houston, Texas 77002
(713) 615-6060
(713) 615-6070 Facsimile

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

The undersigned certifies that a true copy of this document was sent via certified mail, return receipt requested to the Defendant on the _11_ day of _July_____, 2014.

Javier Galera
J & J Container Manufacturing, Inc.
1526 De Soto
Houston, Texas 77091

Allen D. Russell

# Tab 4

THE ORIGINAL DOCUMENT HAS A TRUE WATERMARK IN THE PAPER. HOLD TO LIGHT TO SEE THE CHAIN LINK PATTERN WHEN CHECKING THE ENDORSEMENTS



County Auditor's Form #7001
Harris County, Texas (12/98)

# ORLANDO SANCHEZ
## TREASURER OF HARRIS COUNTY, TEXAS
### FEE OFFICER
1001 Preston Avenue
Houston, Texas 77002

CONST. PCT. 1

**AMEGY BANK OF TEXAS**
HOUSTON, TEXAS
35-1125/1130

No XXXXXXXXX

Date: 09/09/2014

PAY: SEVENTEEN Thousand FOUR Hundred EIGHTY EIGHT
Dollars and FIVE Cents

$17,488.05

CINTAS R US LP
C/O TAYLOR TAYLOR & RUSSELL
ALLEN D RUSSELL
815 WALKER STE 250
HOUSTON, TX 77002

VALID ONLY

WHEN

COUNTERSIGNED



HARRIS COUNTY TREASURER          Signature

HARRIS COUNTY AUDITOR          Signature

---

DETACH THIS STATEMENT BEFORE DEPOSITING CHECK
## COUNTY OF HARRIS
HARRIS COUNTY ADMINISTRATION BUILDING
1001 PRESTON, HOUSTON, TEXAS 77002

No. XXXXXXXX

| DESCRIPTION | RECEIPT # | COURT | TRANS. DATE | CASE / INVOICE # | AMOUNT |
|---|---|---|---|---|---|
| CINTAS R US V J & J CONTAINE | C1094042 | | 09/09/14 | 1044425701 | 17,488.05 |

CALL (713) 755-4401 WITH QUESTIONS REGARDING THIS REMITTANCE

HC-1000 06/03

APPENDIX

# Tab 5



# TAYLOR, TAYLOR & RUSSELL
## ATTORNEYS AT LAW

MELLIE ESPERSON BUILDING
815 WALKER, SUITE 250
HOUSTON, TEXAS 77002
TELEPHONE (713) 615-6060
FACSIMILE (713) 615-6070

WARREN TAYLOR*
BETH McCAHILL TAYLOR
ALLEN D. RUSSELL
STEPHEN T. LISS

www.taylaw.com

*BOARD CERTIFIED-CIVIL TRIAL LAW
AND PERSONAL INJURY TRIAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

NADIA LAKHANI

September 24, 2014

*Via Regular U.S. Mail*

Javier Galera
J & J Container Manufacturing, Inc.
1526 De Soto
Houston, Texas 77091

> **Re:** *Cause No. 1044425; Cintas-RUS, LP v. J & J Container Manufacturing, Inc.; In the County Court at Law No. 3 of Harris County, Texas*

Dear Mr. Galera:

Attached is the Full and Final Release of Judgment in the above referenced case.

Please contact me if you have any questions.

Very truly yours,

Michael Green
Paralegal to Allen D. Russell

Enclosure

| CINTAS-R.U.S., L.P. | § | IN THE COUNTY COURT |
| | § | |
| V. | § | AT LAW NO. 3 |
| | § | |
| J & J CONTAINER | § | |
| MANUFACTURING, INC. | § | HARRIS COUNTY, TEXAS |

### FULL AND FINAL RELEASE OF JUDGMENT
### AND JUDGMENT LIEN

| STATE OF TEXAS | § | |
| | § | KNOW ALL MEN BY THESE PRESENTS: |
| COUNTY OF HARRIS | § | |

WHEREAS, on the 3rd day of June, 2014, Plaintiff, Cintas-R.U.S., L.P., in the Harris County Court at Law No. 3, Cause No. 1044425; *Cintas-R.U.S., L.P. v. J & J Container Manufacturing, Inc.*; obtained and recovered and currently has a judgment against the Defendant, in the principal amount of Sixteen thousand, Nine hundred and Sixty-nine dollars and 82/100 ($16,969.82), plus post-judgment interest thereon at the rate of 5 % per annum from June 3, 2014 until paid in full, and costs of court, and

WHEREAS, Plaintiff, Cintas, in consideration of the payment by Defendant, the receipt and sufficiency of which is hereby acknowledged and confessed, does hereby release, acquit and forever discharge the Judgment obtained on June 3, 2014, against the Defendant, J & J Container Manufacturing, Inc., more particularly described above, and agrees that it, nor any of its employees, servants, agents, successors or assigns shall ever look to Defendant in the future for any further payment resulting or in connection with such Judgment and further does hereby disclaim any and all liens and encumbrances created thereby. As further consideration for the payment noted above, Allen D. Russell warrants that he is duly authorized and empowered to contract for and bind Plaintiff, and further warrants that Plaintiff is the sole owner and holder of the Judgment and any liens released hereby and that Plaintiff has not

assigned or encumbered any rights to payment in connection with the Judgment and liens created thereby; and

NOW THEREFORE, Plaintiff, Cintas, as owner and holder of the Judgment obtained against the Defendant, J & J Container Manufacturing, Inc., on the 3rd day of June, 2014, hereby acknowledges payment from Defendant, the receipt and sufficiency of which is hereby acknowledged and confessed, for the full and complete settlement of the Judgment and liens created thereby, does hereby release, demise, discharge and declare that such Judgment rendered against the Defendant as described herein, has been fully compromised and settled, and further hereby releases, cancels and annuls any and all liens created by the filing of any and all Abstracts of Judgment, Writs of Execution, Writs of Garnishment, and any and all other post-judgment remedies which Plaintiff, Cintas, has availed itself of.

WITNESS MY HAND this 24th day of September, 2014.

ALLEN D. RUSSELL
Attorney for Plaintiff

STATE OF TEXAS                §

                              §

COUNTY OF HARRIS              §

BEFORE ME, the undersigned authority on this day personally appeared Allen D. Russell, Attorney for Cintas, known to me to be the person whose hand is subscribed in the foregoing instrument, and acknowledged to me that he executed the same for the purposes expressed therein and in the capacity stated therein and that he is duly authorized and empowered to contract for and bind Cintas.

SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned authority, on this the 24 of September, 2014.



CLARA I. BETANCOURT
MY COMMISSION EXPIRES
June 13, 2018

Notary Public In and For
The State of Texas